IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2019 MAY 24  A 8: 03

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| YASHICA ROBINSON, M.D., ALABAMA WOMEN'S CENTER, PLANNED PARENTHOOD SOUTHEAST INC., REPRODUCTIVE HEALTH SERVICES, and WEST ALABAMA WOMEN'S CENTER, on behalf of themselves, their patients, physicians, clinic administrators, and staff, <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN MARSHALL, in his official capacity as Alabama Attorney General, ROBERT L. BROUSSARD in his official capacity as District Attorney for Madison County, DANNY CARR in his official capacity as District Attorney for Jefferson County, ASHLEY RICH in her official capacity as District Attorney for Mobile County, DARYL D. BAILEY, in his official capacity as District Attorney for Montgomery County, HAYS WEBB, in his official capacity as District Attorney for Tuscaloosa County, SCOTT HARRIS, M.D., in his official capacity as the State Health Office at the Alabama State Department of Public Health, MARK H. LEQUIRE, M.D., in his official capacity as Chairman of the Alabama Board of Medical Examiners, and JAMES H.WALBURN, M.D., in | CIVIL ACTION NO. 2:19-CV-365-MHT-SMD |

1

his official capacity as Chairman of the
Medical Licensure Commission of
Alabama,

                Defendants.

## VERIFIED COMPLAINT FOR
## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, by and through their attorneys, bring this Complaint against the

above-named Defendants, their employees, agents, and successors in office, and in

support thereof state the following:

## INTRODUCTION

1.     This is a constitutional challenge, under 42 U.S.C. § 1983, to House

Bill 314 (hereinafter "H.B. 314" or "the Ban"), attached hereto as Exhibit A, which

bans nearly all abortions in Alabama.

2.     People seek abortions for a multitude of diverse, complex, and

interrelated factors that are intimately linked to their values and beliefs, culture and

religion, health status and reproductive history, familial situation, educational

and/or career goals, and resources and economic stability.

3.     For over forty-six years—since the Supreme Court decided *Roe v.

Wade*, 410 U.S. 113 (1973)—U.S. law has recognized the fundamental federal

constitutional right to make the profoundly important and personal decision

whether or not to terminate a pregnancy. The U.S. Supreme Court has repeatedly

recognized that this right is central to obtaining equality and respecting the dignity,

2

autonomy, and bodily integrity of all individuals.

4.   By criminalizing the performance of an abortion (or attempted performance of an abortion) at all points in pregnancy, H.B. 314 directly conflicts with *Roe* and more than four decades of Supreme Court precedent affirming its central holding.

5.   Indeed, H.B. 314 was drafted by Eric Johnston of the Alabama Pro-Life Coalition, who said that he fully "expect[s] . . . holdings of unconstitutionality in the trial court and in the appellate court."[1] The Ban's sponsor in the Alabama House of Representatives, Republican State Representative Terri Collins, has likewise admitted that H.B. 314 is "unconstitutional" and that "all our pro-life bills are unconstitutional right now."[2]

6.   Even Governor Kay Ivey acknowledged, upon signing H.B. 314 into law, that Alabama's pre-1973 criminal abortion ban "has been rendered unenforceable as a result of the U.S. Supreme Court decision in *Roe v. Wade*" and

---

[1] *All Things Considered: Author of Alabama Restrictive Abortion Bill Wants to Revisit Roe v. Wade Decision* (National Public Radio broadcast May 16, 2019) (transcript available at https://www.npr.org/2019/05/16/724089804/author-of-alabama-restrictive-abortion-bill-wants-to-revisit-roe-v-wade-decision).

[2] Jenny Jarvie, *Conservative states enact abortion bans in hope of overturning Roe vs. Wade*, LOS ANGELES TIMES, May 11, 2019, https://www.latimes.com/nation/la-na-abortion-bans-states-roe-wade-supreme-court-20190511-story.html.

that H.B. 314 "may similarly be unenforceable." [3]

7. Absent an order from this Court, H.B. 314 is scheduled to take effect on November 15, 2019, at which point Plaintiffs will be forced to stop providing and/or referring for abortions. Enforcement of the Ban will thereby inflict immediate and irreparable harm on Plaintiffs' patients by violating their constitutional rights, threatening their health and well-being, and forcing them to continue their pregnancies to term against their will.

8. Accordingly, Plaintiffs request this Court declare H.B. 314 unconstitutional under more than four decades of binding Supreme Court precedent and enjoin its enforcement.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

10. Plaintiffs' action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, Rules 57 and 65 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a

---

[3] *Governor Ivey Issues Statement After Signing the Alabama Human Life Protection Act*, Office of the Governor, May 15, 2019, https://governor.alabama.gov/statements/governor-ivey-issues-statement-after-signing-the-alabama-human-life-protection-act/.

4

substantial part of the events or omissions giving rise to Plaintiffs' claims occur in this judicial district and because Defendants Marshall, Bailey, Harris, Lequire, and Walburn, who are sued in their official capacities, carry out their official duties at offices located in this district.

## PLAINTIFFS

12. Plaintiff Yashica Robinson, M.D., is a highly experienced, board-certified OB-GYN and abortion provider, and is the Medical Director of the Alabama Women's Center ("AWC") in Huntsville, Alabama. Dr. Robinson provides abortions, which would be banned by H.B. 314, at AWC. Dr. Robinson sues on her own behalf and on behalf of her patients.

13. Plaintiff AWC has provided safe and legal abortions in Huntsville, Alabama, for nearly twenty years. In addition to providing abortions, which would be banned by H.B. 314, AWC also provides a range of high-quality reproductive health services, including contraceptive counseling and care, testing and treatment for sexually transmitted infections, pregnancy testing and options counseling, and referrals for prenatal care and adoption services. Plaintiff AWC is the sole abortion clinic in Huntsville. AWC sues on its own behalf and on behalf of its patients, clinic administrator, physicians, and staff.

14. Plaintiff Planned Parenthood Southeast, Inc. ("PPSE") is a not-for-profit corporation, organized under the laws of Georgia. PPSE, which operates

5

seven health centers in Alabama, Georgia, and Mississippi, provides comprehensive reproductive health care, including family planning services, testing and treatment for sexually transmitted infections, cancer screening and treatment, pregnancy testing and all options counseling, and, at four health centers in Georgia, medication abortion. Through a corporate predecessor, PPSE has provided care in Alabama since 1930. PPSE operates two health centers in Alabama, in Birmingham and Mobile. It is currently building a new facility in Birmingham where it will relocate, and renovating its Mobile health center. PPSE has provided abortions in Alabama in the past, and intends to provide abortions again in the near future, before the end of the year. In the meantime, PPSE refers its Alabama patients seeking abortions to other providers, including the other Plaintiffs. PPSE sues on its own behalf and on behalf of its patients, clinic administrators, physicians, and staff.

15. Plaintiff Reproductive Health Services ("RHS") has provided safe and legal abortion services in Montgomery, Alabama, for nearly four decades. In addition to providing abortions, which would be banned by H.B. 314, RHS provides a range of high-quality reproductive health care services, including routine pap smears and well-woman exams; testing for sexually transmitted infections; contraceptive counseling and care, including Depo Provera shots; pregnancy testing and all options counseling; and referrals for pre-natal care and/or

adoption services. RHS is the only abortion clinic in Montgomery. RHS sues on its

own behalf and on behalf of its patients, clinic administrator, physicians, and staff.

16.     Plaintiffs West Alabama Women's Center ("WAWC") has provided

safe and legal abortions in Tuscaloosa, Alabama, for more than two decades. In

addition to providing abortions, which would be banned by H.B. 314, WAWC also

provides a range of high-quality reproductive health services, including

contraceptive counseling and care, testing and treatment for sexually transmitted

infections, pregnancy testing and options counseling, and referrals for prenatal care

and adoption services. WAWC is the sole abortion facility in Tuscaloosa. WAWC

sues on its own behalf and on behalf of its patients, clinic administrator,

physicians, and staff.

## DEFENDANTS

17.     Defendant Steve Marshall is the Attorney General of the State of

Alabama, located at 501 Washington Avenue, Montgomery, Alabama. The

Attorney General may, at "any time he [] deems proper, . . . superintend and direct

the prosecution of any criminal case in any of the courts of this state," Ala. Code §

36-15-14, and may also "direct any district attorney to aid and assist in the

investigation or prosecution of any case in which the state is interested," *id.* at §

36-15-15. As such, Defendant Marshall is responsible for criminal enforcement of

H.B. 314 and Ala. Code § 26-23E-12(c). Defendant Marshall is sued in his official

7

capacity.

18.     Defendant Robert L. Broussard is District Attorney for Madison County, located at 100 North Side Square, Huntsville, Alabama. District attorneys have the power to "draw up all indictments and to prosecute all indictable offenses" within their jurisdiction. Ala. Code § 12-17-184(2). As such, Defendant Broussard is responsible for criminal enforcement of, *inter alia*, H.B. 314 and Ala. Code § 26-23E-12(c), in Huntsville. Defendant Broussard is sued in his official capacity.

19.     Defendant Danny Carr is District Attorney for Jefferson County, located at 801 Richard Arrington Jr. Blvd. N., Birmingham, Alabama. District attorneys have the power to "draw up all indictments and to prosecute all indictable offenses" within their jurisdiction. Ala. Code § 12-17-184(2). As such, Defendant Carr is responsible for criminal enforcement of, *inter alia*, H.B. 314 and Ala. Code § 26-23E-12(c), in Birmingham. Defendant Carr is sued in his official capacity.

20.     Defendant Ashley Rich is District Attorney for Mobile County, located at 205 Government Street, Mobile, Alabama. District attorneys have the power to "draw up all indictments and to prosecute all indictable offenses" within their jurisdiction. Ala. Code § 12-17-184(2). As such, Defendant Rich is responsible for criminal enforcement of, *inter alia*, H.B. 314 and Ala. Code § 26-23E-12(c), in Mobile. Defendant Rich is sued in her official capacity.

8

21.     Defendant Daryl D. Bailey is District Attorney for Montgomery County, located at 251 South Lawrence Street, Montgomery, Alabama. District attorneys have the power to "draw up all indictments and to prosecute all indictable offenses" within their jurisdiction. Ala. Code § 12-17-184(2). As such, Defendant Bailey is responsible for criminal enforcement of, *inter alia*, H.B. 314 and Ala. Code § 26-23E-12(c), in Montgomery. Defendant Bailey is sued in his official capacity.

22.     Defendant Hays Webb is District Attorney for Tuscaloosa County, located at 714 Greensboro Avenue, Suite 410, Tuscaloosa, Alabama. District attorneys have the power to "draw up all indictments and to prosecute all indictable offenses" within their jurisdiction. Ala. Code § 12-17-184(2). As such, Defendant Webb is responsible for criminal enforcement of, *inter alia*, H.B. 314 and Ala. Code § 26-23E-12(c), in Tuscaloosa. Defendant Webb is sued in his official capacity.

23.     Defendant Scott Harris, M.D., is the State Health Officer at the Alabama State Department of Public Health ("ADPH"), located at 201 Monroe Street, Montgomery, Alabama. Among other things, he is responsible for supervising and directing all activities of ADPH, pursuant to Ala. Code § 22-2-2 *et seq.*, including the licensing, inspecting, and disciplining of abortion or reproductive health care centers, *see id.* at § 22-21-20 *et seq.*; Ala. Admin. Code r.

9

420-5-1-.01 *et seq.* As such, Defendant Harris is responsible for ensuring that patient care at abortion clinics is "rendered in accordance with all applicable . . . state . . . laws," Ala. Admin. Code r. 420-5-1-.03(1), including H.B. 314. Defendant Harris is sued in his official capacity.

24.     Defendant Mark H. Lequire, M.D., is the Chairman of the Alabama Board of Medical Examiners ("ALBME"), located at 848 Washington Avenue, Montgomery, Alabama. The Board of Medical Examiners may, on its own motion, investigate any evidence which appears to show that a physician is or may be guilty of any of the acts, offenses, or conditions set forth in Ala. Code § 34-24-360, which includes, *inter alia*, conviction of a felony and "unprofessional conduct," as defined in the Alabama Administrative Code, and recommend or request that the Medical Licensure Commission of Alabama suspend or revoke the license of a physician. *See id.* at § 34-24-361; Ala. Admin. Code r. 540-X-1-.07. As such, Defendant Lequire is responsible for initiating actions that could result in penalties or other adverse actions taken against physicians' licenses relating to violations of H.B. 314. Defendant Lequire is sued in his official capacity.

25.     Defendant James H. Walburn, M.D., is the Chairman of the Medical Licensure Commission of Alabama ("MLCA"), located at 848 Washington Avenue, Montgomery, Alabama. The MLCA shall have the power and duty to suspend, revoke, or restrict any license to practice medicine or osteopathy in the

State of Alabama or place on probation or fine any licensee whenever the licensee
shall be found guilty on the basis of substantial evidence of, *inter alia*, conviction
of a felony or "unprofessional conduct," as defined in the Alabama Administrative
Code. *See* Ala. Code § 34-24-360; Ala. Admin. Code r. 545-X-1-.06; Ala. Admin.
Code r. 545-X-4-.06. In addition, the MLCA is authorized to "call upon the
attorney general, district attorney, or other prosecuting attorneys of this state to
assist in any request." Ala. Admin. Code r. 545-X-1-.06(5). As such, Defendant
Walburn is responsible for imposing penalties or taking other adverse actions
against physicians' licenses relating to violations of H.B. 314. Defendant Walburn
is sued in his official capacity.

## STATUTORY FRAMEWORK

26.     The Ban makes it a crime "for any person to intentionally perform or
attempt to perform an abortion" at any stage in pregnancy, except to avert death or
"serious health risk." H.B. 314 § 4.

27.     The Ban's exception for "serious health risk[s]" is extremely limited
and would be difficult, if not impossible, to comply with. For example, the exception
requires sign-off from a second, and in some cases third, physician, *see id.* at §§ 3(6),
4(b); it requires certain abortions be performed in a hospital, *see id.* at § 3(6); and
because the definitions are nearly identical, it provides no guidance for physicians
to distinguish between a "serious health risk," *see id.* at § 3(6), and a "medical

11

emergency," *see id.* at § 3(4).

28.     In addition to the foregoing exceedingly narrow exception, the Ban

excludes from the definition of abortion a procedure to terminate the pregnancy in

cases where the fetus "would die after birth or shortly thereafter or be stillborn."

H.B. 314 § 3(1), (3).

29.     Performance of an abortion in violation of the Ban constitutes a Class

A felony, which is punishable by imprisonment for 10-99 years. H.B. 314 § 6(a);

Ala. Code § 13A-5-6(a)(1).

30.     Attempted performance of an abortion in violation of the Ban

constitutes a Class C felony, which is punishable by imprisonment for 1-10 years.

H.B. 314 § 6(b); Ala. Code § 13A-5-6(a)(3).

31.     Anyone who refers a person for an abortion performed in violation of

H.B. 314 may be subject to liability for criminal solicitation or conspiracy, which

are Class B felonies punishable by imprisonment for 2-20 years, Ala. Code § 13A-

4-1, *id.* at § 13A-4-3, *id.* at § 13A-5-6, or as an accomplice or for aiding and

abetting the performance of an abortion, which carries the same penalties as

performing the abortion directly in violation of H.B. 314—a class A felony

punishable by imprisonment for 10-99 years, Ala. Code § 13A-2-23, *id.* at § 13A-

5-6.

32.     Any physician who performs or attempts to perform, or refers for, an

abortion in violation of the Ban may also be subject to medical license probation, suspension, revocation, or restriction and/or fines or other disciplinary action. *See* Ala. Code § 34-24-360; Ala. Admin. Code r. 545-X-1-.06; Ala. Admin. Code r. 545-X-4-.06; Ala. Code § 34-24-53; Ala. Code § 34-24-361; Ala. Admin. Code r. 540-X-1-.07.

33.     Any administrator of a licensed abortion clinic who "knowingly and willfully permits" a physician to perform or attempt to perform, or refer for, abortions in violation of H.B. 314 shall be guilty of a Class C felony, which is punishable by imprisonment for 1-10 years. *See* Ala. Code § 26-23E-12; Ala. Code § 26-23E-6; Ala. Code § 13A-5-6(a)(3).

34.     The Ban is set to take effect on November 15, 2019, which is six months from the date of the Governor's signature. H.B. 314 § 10. Upon that date, the Plaintiffs will face, *inter alia*, severe criminal penalties and the risk of adverse licensure and/or disciplinary action, if they continue to perform and/or refer for abortions.

## FACTUAL ALLEGATIONS

### Abortion in Alabama

35.     There are only three outpatient clinics currently providing abortions in the state of Alabama—Plaintiff AWC in Huntsville; Plaintiff RHS in Montgomery; and Plaintiff WAWC in Tuscaloosa. While Plaintiff PPSE is not currently providing

13

abortions in Alabama, it has done so in the past, and intends to provide them again in the near future.

36.     According to published statistics, less than 0.001% of abortions performed in the entire state were provided in Alabama hospitals in 2017.[4]

37.     Abortion is one of the safest medical procedures in the United States and is substantially safer than continuing a pregnancy through to childbirth.

38.     Abortion is also extremely common; approximately one in four women in this country will have an abortion by age forty-five.[5]

39.     Some people have abortions because they conclude that it is not the right time to become a parent given their age, desire to pursue their education and/or career, or because they feel they lack the necessary financial resources or level of partner or familial support or stability. Many are already mothers; indeed, a majority of women having abortions (59%) already have at least one child.[6]

---

[4] Ala. Dep't of Health, Ala. Center for Health Statistics, Vital Statistics, *Induced Terminations of Pregnancy, Residents of Alabama, 2017*, http://www.alabamapublichealth.gov/healthstats/assets/ITOP_2017AL%20.pdf.

[5] *See* Guttmacher Institute, *Abortion Is a Common Experience for U.S. Women, Despite Dramatic Declines in Rates*, (Oct. 19, 2017), https://www.guttmacher.org/news-release/2017/abortion-common-experience-us-women-despite-dramatic-declines-rates. Although abortion bans, like H.B. 314, have a disparate impact on women—in particular, women of color, low-income women, and young women—these bans also inflict irreparable constitutional and dignitary harm on members of transgender and gender non-binary communities who likewise need access to abortion services.

[6] *See* Guttmacher Institute, *Characteristics of U.S. Abortion Patients in 2014 and Changes Since 2008*, (May 2016), https://www.guttmacher.org/report/characteristics-us-abortion-patients-2014.

14

40.     Some people seek abortions to preserve their life or health; some because they have become pregnant as a result of rape; and others because they decide not to have children at all.

41.     Some people who have suffered trauma, such as sexual assault or domestic violence, may be concerned that pregnancy, childbirth, and/or an additional child may exacerbate already extremely difficult and dangerous situations for them and put them at risk of greater sexual or physical violence or worse.

42.     Some people decide to have an abortion because of an indication or diagnosis of a fetal medical condition or anomaly. Some families do not feel they have the resources—financial, medical, educational, or emotional—to care for a child with special needs or to simultaneously provide for the children they already have.

43.     Ultimately, the decision to terminate a pregnancy for any reason is motivated by a combination of diverse, complex, and interrelated factors that are intimately related to the individual's values and beliefs, culture and religion, health status and reproductive history, familial situation, and resources and economic stability.

## Alabama's Targeted Campaign Against Abortion

44.     H.B. 314 is the culmination of a near-decade long campaign by the

15

Alabama legislature to eliminate legal abortion in Alabama.

45.     Since 2011, the Alabama legislature has enacted a multitude of laws aimed at restricting and ultimately outlawing abortion in the state. This campaign has contributed to, as this Court has recognized, "a climate of extreme hostility" for "abortion providers and women seeking abortions in Alabama today." *Planned Parenthood Se., Inc. v. Strange*, 33 F. Supp. 3d 1330, 1334 (M.D. Ala. 2014) (Thompson, J).

46.     In 2011, the Legislature banned abortions starting at 20 weeks, with exceptions only for abortions necessary to avert death or "serious risk of substantial and irreversible physical impairment of a major bodily function." Ala. Code § 26-23B-5.

47.     In 2013, the Legislature imposed burdensome building requirements on abortion clinics, *see* Ala. Code § 26-23E-9, that forced multiple Alabama abortion clinics to undergo extensive and expensive renovations, and even purchase and relocate to entirely new properties.

48.     Also in 2013, the Legislature required all physicians performing abortions in Alabama to hold staff privileges at a hospital within the same statistical metropolitan area as the clinic. *See* Ala. Code § 26-23E-4(c). That requirement was found unconstitutional by this Court, *see, e.g.*, *Strange*, 33 F. Supp. 3d 1330; *Planned Parenthood Se., Inc. v. Strange*, 172 F. Supp. 3d 1275

(M.D. Ala. 2016) (Thompson, J.) (determining appropriate relief), and, after the

Supreme Court in *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016),

struck a virtually identical law, the Attorney General dismissed his appeal stating

"there is now no good faith argument that the law is constitutional under

controlling precedent." Mot. to Dismiss Appeal, *Planned Parenthood Se., Inc. v.

Strange*, No. 16-11867 (11th Cir. July 15, 2016). *Cf. W. Alabama Women's Ctr. v.

Williamson*, 120 F. Supp. 3d 1296, 1317 (M.D. Ala. 2015) (enjoining as

unconstitutional regulation requiring clinics to contract with physician with

admitting privileges).

49.     In 2014, the Legislature increased the mandatory wait period between

when physicians must provide state-mandated information to patients and when

patients can lawfully obtain an abortion from 24 hours to 48 hours. *See* Ala. Code

§ 26-23A-4 .

50.     Also in 2014, the Legislature altered the judicial bypass process

through which a minor may seek a court order waiving the State's requirement she

obtain parental consent prior to an abortion. *See* Ala. Code §§ 26-21-1, *et seq.*

"Appl[ying] 38 years of Supreme Court authority on the subject, as all lower

federal courts are bound to do," this Court declared the revisions violated "a

pregnant minor's long-established constitutional right[s]." *Reprod. Health Servs. v.

Marshall*, 268 F. Supp. 3d 1261, 1295 (M.D. Ala. 2017) (Walker, M.J.), *appeal*

*pending*, No. 17-13561 (11th Cir.).

51.     In 2016, the Legislature prohibited the ADPH from issuing or
renewing licenses for abortion clinics located within 2,000 feet of a K-8 public
school, which would have had the effect of closing two of the state's then-five
clinics and the only clinics in the state providing abortions in the second trimester.
Ala. Code § 22-21-35(b). This Court held that law unconstitutional and enjoined its
enforcement. *W. Alabama Women's Ctr. v. Miller*, 299 F. Supp. 3d 1244, 1280–81
(M.D. Ala. 2017), *aff'd sub nom. W. Alabama Women's Ctr. v. Williamson*, 900
F.3d 1310 (11th Cir. 2018), *pet. for cert. pending Harris v. W. Alabama Women's
Ctr.*, No. 18-837 (2019).

52.     Also in 2016, Alabama banned the most common method of second-
trimester abortion and the only method available in the outpatient setting,
effectively banning abortion throughout the state starting at 15 weeks. Once again,
this Court issued a permanent injunction against the ban, finding that, were the law
to stand, "Alabama women w[ould] be altogether unable to access a safe abortion
at or after 15 weeks of pregnancy." *Id.* at 1244.

### The Ban's Impact on Plaintiffs' Patients

53.     If allowed to take effect, the Ban will essentially eliminate legal
abortion in Alabama.

54. The impact of the Ban will fall disproportionately on Black women and people who are low-income.

55. Statistics show that in 2017, Black people made up less than 30% of Alabama's population,[7] but over 60% of people who obtained abortions in Alabama.[8]

56. The majority of Plaintiffs' patients are low-income.

57. Being forced to continue a pregnancy against one's will can pose a risk to a person's physical, mental, and emotional health, and even their life, as well as to the stability and well-being of their family, including existing children.

58. Even for someone who is otherwise healthy and has an uncomplicated pregnancy, carrying that pregnancy to term and giving birth poses serious medical risk and can have long-term medical and physical consequences. For someone with a medical condition caused or exacerbated by pregnancy, these risks are increased.

59. Forced pregnancy poses a heightened risk in Alabama, and to Black women, in particular.

---

[7] *See* U.S. Census Bureau, American FactFinder, ACS Demographic and Housing Estimates, 2013-2017 American Community Survey 5-Year Estimates, Alabama, 2017, https://factfinder.census.gov/bkmk/table/1.0/en/ACS/17_5YR/DP05/0400000US0.

[8] Ala. Dep't of Health, Ala. Center for Health Statistics, Vital Statistics, *Induced Terminations of Pregnancy, Residents of Alabama, 2017*, http://www.alabamapublichealth.gov/healthstats/assets/ITOP_2017AL%20.pdf.

60.     According to ADPH, nearly two-thirds of Alabama counties lack hospitals that offer obstetrical care.[9]

61.     Moreover, while the number of reported pregnancy-related deaths across the country has steadily increased from 7.2 deaths per 100,000 live births in 1987, to 18.0 deaths per 100,000 live births in 2014,[10] in Alabama, Black women are nearly five times more likely to die from pregnancy-related causes than White women.[11]

62.     In addition, Alabama is among the five states with the highest infant mortality rate in the country.[12]

## Injunctive Relief

63.     If the Ban is allowed to take effect, Plaintiffs' patients will be subject to significant and irreparable harm to their constitutional rights for which no

---

[9] Jessica Ravitz, *Alabama says it wants to protect life. How does that claim stack up outside the womb?*, CNN, May 16, 2019, https://www.cnn.com/2019/05/16/health/alabama-treatment-of-living/index.html.

[10] National Center for Chronic Disease Prevention and Health Promotion, Division of Reproductive Health, *Pregnancy Mortality Surveillance System*, Aug. 7, 2018, https://www.cdc.gov/reproductivehealth/maternalinfanthealth/pregnancy-mortality-surveillance-system.htm?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Freproductivehealth%2Fmaternalinfanthealth%2Fpmss.html.

[11] Society for Maternal-Fetal Medicine, *Maternal Mortality Facts & Figures: Alabama*, Dec. 4, 2018, https://s3.amazonaws.com/cdn.smfm.org/mortality_records/2-:state_slug.pdf (accessed via https://www.smfm.org/data/mortality-map).

[12] Centers for Disease Control and Prevention, National Center for Health Statistics, *Infant Mortality Rates by State: 2017*, last updated Jan. 15, 2019, https://www.cdc.gov/nchs/pressroom/sosmap/infant_mortality_rates/infant_mortality.htm.

adequate remedy at law exists. By preventing Plaintiffs' patients from obtaining an abortion in Alabama, the Ban will also inflict significant and irreparable medical, emotional, dignitary, and other harms for which no adequate remedy at law exists.

64.    Enforcement of the Ban will cause irreparable harm by threatening Plaintiffs and their physicians, clinic administrators, and other staff with substantial criminal and/or licensure penalties for providing abortion services and referring for abortion services.

## CLAIM FOR RELIEF

(Substantive Due Process – Plaintiffs' Patients' Right to Privacy)

65.    Plaintiffs repeat the factual allegations set forth above as fully set forth herein.

66.    By prohibiting an individual from making the ultimate decision whether to terminate a pregnancy prior to viability, H.B. 314 violates the rights to liberty and privacy secured to Plaintiffs' patients by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court:

A.   Enter a judgment declaring H.B. 314 violates the Fourteenth Amendment to the United States Constitution and a preliminary and permanent injunction, restraining Defendants, their employees, agents, and successors in office from enforcing H.B. 314;

B.   To award Plaintiffs their costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

C.   To grant any additional relief as may be just and proper.

Respectfully submitted this 24th day of May, 2019.

Randall C. Marshall

Randall C. Marshall
ASB-3023-A56M
Brock Boone
ASB-2864-L11E
ACLU OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 420-1741
(334) 420-1747
rmarshall@aclualabama.org
bboone@aclualabama.org

*Attorneys for Plaintiffs*

Alexa Kolbi-Molinas*
New York State Bar No. 4477519

22

Meagan Burrows*
New York State Bar No. 5341904
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
akolbi-molinas@aclu.org
mburrows@aclu.org
(212) 549-2633

*Attorneys for Plaintiffs Robinson, AWC,
RHS, and WAWC.*

Carrie Y. Flaxman*
District of Columbia Bar #458681
Planned Parenthood Federation of America
1110 Vermont Avenue, NW, Suite 300
Washington, D.C. 20005
carrie.flaxman@ppfa.org
(202) 973-4830

*Attorney for Plaintiff Planned Parenthood
Southeast, Inc.*

*\*Pro hac vice motions forthcoming*

## DECLARATION

I declare under penalty of perjury under the laws of the United States of

America that the statements contained in the Complaint are true and correct to the

best of my knowledge and belief.

Yashica Robinson, MD
Medical Director
Alabama Women's Center

Executed on: 5/22/19

## DECLARATION

I declare under penalty of perjury under the laws of the United States of

America that the statements contained in the Complaint are true and correct to the

best of my knowledge and belief.

Dalton Johnson
Owner and Administrator
Alabama Women's Center

Executed on: $5/22/19$

## DECLARATION

I declare under penalty of perjury under the laws of the United States of

America that the statements contained in the Complaint are true and correct to the

best of my knowledge and belief.

Staci L. Fox
President and Chief Executive Officer
Planned Parenthood Southeast, Inc.

Executed on: May 22, 2019

## DECLARATION

I declare under penalty of perjury under the laws of the United States of

America that the statements contained in the Complaint are true and correct to the

best of my knowledge and belief.

June Ayers
Owner and Administrator
Reproductive Health Services

Executed on: _____5/21/19_____

## DECLARATION

I declare under penalty of perjury under the laws of the United States of America that the statements contained in the Complaint are true and correct to the best of my knowledge and belief.

Gloria Gray
Owner and Administrator
West Alabama Women's Center

Executed on: 5/21/2019