IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **YASHICA ROBINSON, M.D.,** *et al.*, ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| **v.** ) | CASE NO. 2:19-cv-00365-MHT-SMD |
| ) | |
| **STEVEN MARSHALL, in his official** ) | |
| **capacity as Alabama Attorney General,** ) | |
| ) | |
|     **Defendant.** ) | |

## ANSWER OF ALABAMA ATTORNEY GENERAL STEVE MARSHALL

Alabama Attorney General Steve Marshall, sued in his official capacity, answers Plaintiffs' Verified Complaint (doc. 1) as set out below.

## INTRODUCTION

1. The allegations of paragraph 1 do not require a response as it is a description of the nature of Plaintiffs' claims. Defendant denies that Plaintiffs are entitled to the relief requested under a proper interpretation of the United States Constitution.

2. Admitted that some individuals seek abortions for a variety of reasons.

3. The allegations of paragraph 3 do not require a response as the law speaks for itself. Defendant denies that the United States Constitution guarantees a right to abortion or that Plaintiffs are entitled to the relief requested under a proper interpretation of the United States Constitution.

4. The allegations of paragraph 4 do not require a response as they are a statement of a legal conclusion. Defendant denies that Plaintiffs are entitled to the relief requested under a proper interpretation of the United States Constitution. Defendant wishes to enforce the challenged law and intends to argue in this case that H.B. 314 is constitutional under a proper interpretation of the United States Constitution.

5. Admitted that Eric Johnston and Representative Terri Collins were quoted as making these statements in the sources cited by Plaintiffs, and that Rep. Collins sponsored H.B. 314. Defendant denies the remaining allegations of paragraph 5.

6. Admitted that Governor Kay Ivey released a statement upon signing H.B. 314 that quoted H.B. 314's statement that Alabama's prior statute criminalizing abortion has remained "unenforceable as a result of the U.S. Supreme Court decision in *Roe v. Wade*," and that Gov. Ivey's statement said, regarding H.B. 314, that "at least for the short term, this bill may similarly be unenforceable." Defendant denies the remaining allegations of paragraph 6.

7. Admitted that H.B. 314 is scheduled to take effect on November 15, 2019. Defendant denies the remaining allegations of paragraph 7.

8. Admitted that Plaintiffs seek declaratory and injunctive relief.

## JURISDICTION AND VENUE

9. Admitted.

10. Admitted that these statutes and rules of procedure authorize Plaintiff's complaint for declaratory and injunctive relief. Defendant denies that Plaintiffs are entitled to the relief requested under a proper interpretation of the United States Constitution.

11. Admitted that venue is proper in the Middle District of Alabama.

## PLAINTIFFS

12. Admitted that Dr. Robinson is the Medical Director of the Alabama Women's Center ("AWC") in Huntsville, Alabama, that Dr. Robinson performs abortions, and that H.B. 314 would criminally prohibit abortions under the terms set out in H.B. 314. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 12 and therefore denies them. Defendants deny that Dr. Robinson may represent the interests of third parties.

13. Admitted that AWC is the only abortion clinic in Huntsville, Alabama. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 13 and therefore denies them. Defendant denies that AWC may represent the interests of third parties.

14. Admitted that Planned Parenthood Southeast, Inc. ("PPSE") has facilities in Birmingham and Mobile, Alabama. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 14 and therefore denies them. Defendant denies that PPSE may represent the interests of third parties.

15. Admitted that Reproductive Health Services ("RHS") is the only abortion clinic in Montgomery, Alabama. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 15 and therefore denies them. Defendant denies that RHS may represent the interests of third parties.

16. Admitted that West Alabama Women's Center ("WAWC") is the only abortion facility in Tuscaloosa, Alabama. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 15 and therefore denies them. Defendant denies that WAWC may represent the interests of third parties.

## **DEFENDANTS**

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. The allegations of paragraph 23 do not require a response as this defendant has been dismissed. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in paragraph 23 and therefore denies them.

24. The allegations of paragraph 24 do not require a response as this defendant has been dismissed. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in paragraph 24 and therefore denies them.

25. The allegations of paragraph 25 do not require a response as this defendant has been dismissed. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in paragraph 25 and therefore denies them.

## STATUTORY FRAMEWORK

26. The allegations of paragraph 26 do not require a response as the law speaks for itself.

27. The allegations of paragraph 27 do not require a response as the law speaks for itself.

28. The allegations of paragraph 28 do not require a response as the law speaks for itself.

29. The allegations of paragraph 29 do not require a response as the law speaks for itself.

30. The allegations of paragraph 30 do not require a response as the law speaks for itself.

31. The allegations of paragraph 31 do not require a response as the law speaks for itself.

32. The allegations of paragraph 32 do not require a response as the law speaks for itself.

33. The allegations of paragraph 33 do not require a response as the law speaks for itself.

34. Admitted that H.B. 314 is set to take effect on November 15, 2019, that H.B. 314 would criminally prohibit abortions under the terms set out in H.B. 314, and that persons in violation of H.B. 314 would face the risk of criminal penalties.

## FACTUAL ALLEGATIONS

35. Admitted that AWC, RHS, and WAWC are the only three abortion clinics in the State. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 35 and therefore denies them.

36. Admitted that according to the publication cited only 6 out of 6,063 abortions performed in Alabama in 2017 were performed in hospitals.

37. Denied.

38. Admitted that the publication cited states that one in four women will have an abortion by age forty-five. Defendant denies the remaining allegations of paragraph 38.

39. Admitted that some individuals seek abortions for a variety of reasons, and that the publication cited states 59% of women having abortions already have at least one child.

40. Admitted that some individuals seek abortions for a variety of reasons.

41. Admitted that some individuals seek abortions for a variety of reasons.

42. Admitted that some individuals seek abortions for a variety of reasons.

43. Admitted that some individuals seek abortions for a variety of reasons.

44. Defendant objects to the allegations in this paragraph as argument and denies the same.

45. Defendant admits that the Alabama Legislature has passed legislation to promote Alabama's strong interest in protecting human life and has passed legislation related to abortion to protect public safety. The allegations regarding *Planned Parenthood Se., Inc. v. Strange*, 33 F. Supp. 3d 1330 (M.D. Ala. 2014), do not require a response as the decision speaks for itself. Defendant objects to the remaining allegations in this paragraph as argument and denies the same.

46. The allegations of paragraph 46 do not require a response as the law speaks for itself.

47. The allegations of paragraph 47 do not require a response as the law speaks for itself. Defendant otherwise denies the allegations in paragraph 47.

48. The allegations of paragraph 48 do not require a response as the law and the decisions cited speak for themselves.

49. The allegations of paragraph 49 do not require a response as the law speaks for itself.

50. The allegations of paragraph 50 do not require a response as the law and the decision cited speak for themselves.

51. The allegations of paragraph 51 do not require a response as the law and the decisions cited speak for themselves.

52. The allegations of paragraph 52 do not require a response as the law speaks for itself. Defendant otherwise denies the allegations in paragraph 52.

53. The allegations of paragraph 53 do not require a response as the law speaks for itself.

54. Denied.

55. Admitted that the statistical sources cited state the conclusions alleged in paragraph 55. Defendant otherwise denies the allegations of paragraph 55.

56. Defendant lacks sufficient information to admit or deny the allegations in paragraph 56 and therefore denies them.

57. Admitted that pregnancy carries some risk of adverse physical or mental consequences. Defendant otherwise denies the allegations of paragraph 57.

58. Admitted that pregnancy carries some risk of adverse medical or physical consequences. Defendant otherwise denies the allegations of paragraph 58.

59. Admitted that pregnancy carries some risk of adverse medical or physical consequences. Defendant otherwise denies the allegations of paragraph 59.

60. Admitted that the article cited states that 29 of 67 Alabama counties have hospitals that offer obstetrical care according to a statement made by an Alabama Department of Public Health employee. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 60 and therefore denies them.

61. Admitted that the first source cited reports that nationally there were 7.2 pregnancy-related deaths per 100,000 live births in 1987 and 18.0 in 2014. Admitted that the second source cited reports that black women were nearly three times more likely to die from pregnancy-related causes than white women on a national level and nearly five times more likely to die from pregnancy-related causes than white women in Alabama. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 61 and therefore denies them.

62. Admitted that the source cited reports that Alabama is among the five states with the highest infant mortality rate. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 62 and therefore denies them.

### Injunctive Relief

63. Denied.

64. Denied.

### CLAIM FOR RELIEF

65. Defendant reincorporates his responses to the previous allegations in paragraphs 1 – 64.

66. The allegations of paragraph 66 do not require a response as they are a statement of a legal conclusion. Defendant denies that Plaintiffs are entitled to the relief requested under a proper interpretation of the United States Constitution.

### REQUEST FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief requested under a proper interpretation of the United States Constitution.

**ADDITIONAL DEFENSES**

1. As to all of his responses above, Defendant denies any allegation not specifically admitted in this Answer.

2. Plaintiffs fail to state a claim upon which relief can be granted.

3. There is no right to abortion in the United States Constitution.

4. *Roe v. Wade*, 410 U.S. 113 (1973), *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992), and their progeny were wrongly decided and should be overruled.

5. Plaintiffs lack standing to the extent they fail to allege they will suffer any violation of their own rights as opposed to the constitutional rights of third parties.

6. The clinic plaintiffs lack standing because they do not face criminal prosecution under the challenged law.

7. The named plaintiffs lack standing to assert the rights of third parties not before the court, and cases holding to the contrary should be overruled.

Respectfully submitted,

Steve Marshall
  *Attorney General*

*s/* Brad A. Chynoweth
Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*
James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*
Brad A. Chynoweth (ASB-0030-S63K)
  *Assistant Attorney General*

Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
(334) 242-7300
elacour@ago.state.al.us

jimdavis@ago.state.al.us
bchynoweth@ago.state.al.us

*Counsel for Attorney General Steve Marshall*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy to the following:

Randall C. Marshall
Brock Boone
ACLU OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 420-1741
(334) 420-1747
rmarshall@aclualabama.org
bboone@aclualabama.org

Alexa Kolbi-Molinas
Meagan Burrows
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
akolbi-molinas@aclu.org
mburrows@aclu.org

Carrie Y. Flaxman
Planned Parenthood Federation of America  1110 Vermont Avenue, NW, Suite 300 Washington, D.C. 20005
(202) 973-4830
carrie.flaxman@ppfa.org

*Counsel for Plaintiffs*

                                    *s/*Brad A. Chynoweth
                                    Counsel for Attorney General Steve Marshall