IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YASHICA ROBINSON, M.D.; ALABAMA WOMEN'S CENTER; PLANNED PARENTHOOD SOUTHEAST, INC.; REPRODUCTIVE HEALTH SERVICES; and WEST ALABAMA WOMEN'S CENTER, on behalf of themselves, their staff, physicians, and their patients,<br><br>    Plaintiffs,<br><br>v.<br><br>STEVEN MARSHALL, in his official capacity as Alabama Attorney General,<br><br>    Defendant. | CIVIL ACTION<br><br>Case No. 2:19-cv-365-MHT-SMD |

**Joint Report of Parties' Pre-Status Conference Meet-and-Confer**

In order to assist the Court in streamlining the issues for discussion at today's status conference, the Parties held a telephonic meet-and-confer to discuss their respective views on how this case should proceed. While this is not intended to limit the Court's agenda for the status conference, the Parties respectfully submit following report of that discussion, to the extent it may be useful:

   A. **Background**

   1.   Plaintiffs initiated this challenge to House Bill 314 ("H.B. 314" or "the Act") on May 24, 2019 (doc. no. 1). On June 21, 2019, Plaintiffs filed a motion for a preliminary injunction enjoining enforcement of H.B. 314 prior to its effective date on November 15, 2019 (docs. nos. 50, 51). On June 25, Defendant filed his Answer (doc. no. 52).

   2.   On July 3, this Court set a status conference for July 15 (doc no. 55).

### B. Plaintiffs' Motion for a Preliminary Injunction

3. At the Parties' meet-and-confer the Parties discussed whether it would be possible to enter into a consent-TRO pending the resolution of the disputed issues in this case and potentially avoid duplicative briefing of the same issues.

4. The Parties agree that if, in view of the need to resolve the discovery-related issues below, it is not possible to resolve this case on the merits prior to the Act's November 15 effective date, entry of a consent-TRO would be appropriate. The Parties would propose the entry of a consent-TRO to last until May 24, 2020—a year from when this case was filed—in order to give the Court and the Parties adequate time to resolve the merits.

### C. Discovery

5. The Parties also discussed the need for and scope of discovery in this case. As set forth below, the Parties have differing views on this matter and respectfully request the opportunity to more fully brief the question for the Court, if necessary, to obtain a ruling on whether discovery will be permissible in this case and, if so, the scope of that discovery.

6. Plaintiffs' view is that discovery of any kind, including expert testimony, is unnecessary and inappropriate in this case. This Court is bound by the U.S. Supreme Court's holding in *Planned Parenthood v. Casey* that "[b]efore viability, the State's interests are not strong enough to support a prohibition of abortion. . . . Regardless of whether exceptions are made for particular circumstances, a State may not prohibit *any* woman from making the ultimate decision to terminate her pregnancy before viability." 505 U.S. 833, 846, 879 (1992) (emphasis added). Accordingly, if the Ban prohibits pre-viability abortion, the Court will be bound to rule it unconstitutional, regardless of what interests the State asserts to justify the law, and regardless of what evidence the State could develop in discovery to support those interests.

Given that H.B. 314 on its face prohibits abortions at all stages in pregnancy, it is Plaintiffs' view that the only relevant fact in this case is undisputed: this law bans pre-viability abortions. No amount of discovery can change this outcome and, therefore, Plaintiffs would request the Court exercise its broad discretion over the discovery process to prohibit discovery in this case or, in the alternative, to limit discovery to the sole legally material fact in this case: whether the law bans pre-viability abortions. Indeed, other courts addressing similar abortion bans have entered such orders. *See, e.g.*, Order, *EMW Women's Surgical Center P.S.C. et al.*, *v. Meier*, No. 3:19-cv-178 (W.D. Ky. Apr. 17, 2019); Order Granting Motion to Limit Discovery and Adopt Discovery Schedule, *Jackson Women's Health Org. v. Currier*, No. 3:18-CV-00171 (S.D. Miss. May 15, 2018).

7.      Attorney General Marshall agrees that, as suggested above, a temporary injunction would be appropriate to preserve the status quo.  The Attorney General, however, disputes Plaintiffs' assertion that discovery in this case would be "inappropriate and unnecessary." Alabama is not the first state to enact a law that seeks a change in Supreme Court precedent.  Indeed, one such state prevailed just last year in *South Dakota v. Wayfair, Inc.*, 138 S. Ct. 2080 (2018), when the Court overturned precedent regarding state taxation of businesses that lack a physical presence in the state.  South Dakota argued in lower courts that the Supreme Court's precedent was flawed, particularly in light of changed circumstances, and the Supreme Court ultimately agreed.  And in *Casey* itself, the Court overturned holdings regarding informed consent and waiting period requirements for abortions based in part on "the record evidence" developed during a bench trial.  *See Casey*, 505 U.S. at 845, 884-85.   Thus, the Attorney General's position is that he should be given an opportunity to develop evidence regarding changed circumstances relevant to this case.

8. Ultimately, the Attorney General believes that this Court would benefit from briefing on the issue of discovery after the parties further confer. He therefore suggests that on August 5, 2019 (three weeks from the status conference), Defendant file a statement concerning the evidence that he intends to present and his arguments for why a record is appropriate in this case. Plaintiffs may then respond to the Attorney General's statement and can address the specific record that the Attorney General intends to develop.

9. Once the Court has issued a ruling on this matter, the Parties could provide the Court with a Rule 26 Report (or some similar document) proposing a schedule for discovery

Respectfully submitted,

/s/Randall C. Marshall

Randall C. Marshall
ASB-3023-A56M
Brock Boone
ASB-2864-L11E
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-1747
(334) 265-2754
rmarshall@aclualabama.org
bboone@aclualabama.org

Attorneys for Plaintiffs

Alexa Kolbi-Molinas*
Meagan Burrows*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
akolbi-molinas@aclu.org
mburrows@aclu.org
(212) 549-2633

Attorneys for Plaintiffs Yashica Robinson, M.D., Alabama Women's Center, Reproductive Health Services, and West Alabama Women's Center

Carrie Y. Flaxman*

Susan Lambiase*
Planned Parenthood Federation of America
1110 Vermont Avenue, NW, Suite 300
Washington, D.C. 20005
carrie.flaxman@ppfa.org
(202) 973-4830

Attorney for Plaintiff Planned Parenthood Southeast, Inc.

*Admitted Pro Hac Vice


Steve Marshall
Attorney General

s/ James W. Davis

Edmund G. LaCour Jr. (ASB-9182-U81L)
Solicitor General
James W. Davis (ASB-4063-I58J)
Deputy Attorney General
Brad A. Chynoweth (ASB-0030-S63K)
Assistant Attorney General
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
(334) 242-7300
elacour@ago.state.al.us
jimdavis@ago.state.al.us
bchynoweth@ago.state.al.us

Counsel for Attorney General Steve Marshall