IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YASHICA ROBINSON, M.D.; ALABAMA WOMEN'S CENTER; PLANNED PARENTHOOD SOUTHEAST, INC.; REPRODUCTIVE HEALTH SERVICES; and WEST ALABAMA WOMEN'S CENTER, on behalf of themselves, their staff, physicians, and their patients,<br><br>     Plaintiffs,<br><br>v.<br><br>STEVEN MARSHALL, in his official capacity as Alabama Attorney General,<br><br>     Defendant. | CIVIL ACTION<br><br>Case No. 2:19-cv-365-MHT-SMD |

**PLAINTIFFS' RESPONSE TO ORDER (DOC. 62) AND RESPONSE TO DEFENDANT'S STATEMENT REGARDING DISCOVERY**

**INTRODUCTION**[1]

Defendant has conceded that H.B. 314 ("the Act") prohibits pre-viability abortions in violation of *Roe v. Wade* and *Planned Parenthood of Southeastern Pennsylvania v. Casey*. *See* Def.'s Opp'n at 3, 5. Accordingly, there are no material facts in dispute, and the expert evidence Defendant outlines is irrelevant and inadmissible.[2] As set forth below, neither the federal rules nor the Eleventh Circuit permit expert discovery under these circumstances. Therefore, as other

---

[1] This brief refers to Defendant's Response to Order (doc. 62) and Statement Regarding Discovery (doc. 63) as "Def.'s Disc. Br."; to Defendant's Response to Plaintiffs' Motion for Preliminary Injunction (doc. 64) as "Def.'s Opp'n"; and to Plaintiffs' Memorandum in Support of Their Motion for Preliminary Injunctive Relief (doc. 51) as "Pls.' Mem."

[2] Plaintiffs do not intend to seek any fact or expert discovery, unless Defendant is permitted to do so, in which case Plaintiffs may seek discovery of Defendant's witnesses and/or develop rebuttal evidence.

1

courts considering pre-viability abortion bans have done, this Court should exercise its "broad discretion to control discovery," *DePetro v. Exxon Inc.*, 118 F.R.D. 523, 524 (M.D. Ala. 1988), to prohibit expert discovery and exclude Defendant's proposed expert reports, as described in their brief, *see* Def.'s Disc. Br.[3]

Contrary to what Defendant has suggested, the doctrine of *stare decisis* is not an invitation to litigants to develop irrelevant and immaterial factual records, not for the benefit of the fact-finder, but solely for the benefit of Supreme Court review. Rather, as the Supreme Court has recognized, the very foundation for the doctrine of *stare decisis* is the principle "that no judicial system could do society's work if it eyed each issue afresh in every case that raised it." *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 854 (1992); *see also* Anthony M. Kennedy, *Judicial Ethics and the Rule of Law,* 40 St. Louis U.L.J. 1067 (1996) ("The power of a court, the prestige of a court, the primacy of a court stand or fall by one measure and one measure alone: the respect accorded its judgments."). Here, more than four decades of binding Supreme Court precedent, including its most recent decision in 2016, *see Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2300 (2016), dictates that a pre-viability abortion ban, such as the Act, is unconstitutional as a matter of law. Alabamians must not be forced to re-litigate their settled constitutional rights every time the State of Alabama knowingly and deliberately enacts an unconstitutional abortion law. *See* Verified Compl. for Declaratory & Injunctive Relief (doc. 1) ¶¶ 4–6 (collecting statements of the Act's sponsors and supporters); *cf. Jackson Women's Health Org. v. Dobbs*, 379 F. Supp. 3d 549, 551 (S.D. Miss. 2019) ("Here we

---

[3] Defendant has also indicated his intention to rely on "Alabama abortion statistics, which will be shown through the records of the Alabama Department of Public Health." Def.'s Disc. Br. at 3. To the extent these "records" are publicly available, Plaintiffs have no objection to the use of these data, though certainly do not concede their relevance. However, records and/or data that are not a matter of public record should be excluded.

go again. Mississippi has passed another law banning abortions prior to viability."), *appeal docketed*, No. 19-60455 (5th Cir. June 24, 2019). And Plaintiffs should not be forced to choose between (a) expending time and resources to rebut Defendant's "evidence related to the *stare decisis* factors," Def.'s Disc. Br. at 1, or (b) allowing such fallacious "evidence," *see id.* at 2–3, *e.g.*, that childbirth is safer than abortion, that the historical underpinnings of *Roe* were incorrect, or that the right to abortion does not contribute to "[t]he ability of women to participate equally in the economic and social life of the Nation," *Casey*, 505 U.S. at 835, into the record undisputed. As discussed *infra*, allowing Defendant to put Plaintiffs in that position creates unacceptable and disproportionate burdens and perverse incentives that are contrary to the Federal Rules of Evidence and Civil Procedure and *stare decisis* itself.

## ARGUMENT

**I.    The Act is a Pre-Viability Abortion Ban That is Unconstitutional as a Matter of Law.**

Defendant candidly concedes that unless and until the Supreme Court overturns *Roe v. Wade* and its progeny, this Court is bound by those precedents to hold the Act unconstitutional as to pre-viability abortions. *See* Def.'s Opp'n at 2–3, 5–6, 12. As such, this case can and should be resolved as a matter of law.

For his part, Defendant does not assert that he intends to develop and introduce any evidence that would create a genuine issue of material fact precluding judgment as a matter of law.[4] Rather, Defendant makes the novel argument that he should be permitted "to introduce

---

[4] Under Federal Rule of Civil Procedure 12(c), "[j]udgment on the pleadings is appropriate where there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Yeager v. Ocwen Loan Servicing, LLC*, 237 F. Supp. 3d 1211, 1215 (M.D. Ala. 2017) (quoting *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). Similarly, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

3

evidence related to the *stare decisis* factors that the Supreme Court considers when deciding whether to overrule one of its own cases" to "help inform the Supreme Court *if* it were to reconsider *Roe* and *Casey*." Def.'s Disc. Br. at 1, 5 (emphasis added). But that is not how this process works.

This Court is the fact-finder, not the Supreme Court. *See Ohio v. Wyandotte Chems. Corp.*, 401 U.S. 493, 498 (1971) ("This Court is . . . structured to perform as an appellate tribunal, ill-equipped for the task of fact-finding" or "awkwardly to play the role of fact-finder without actually presiding over the introduction of evidence.") (cleaned up). And, like all trial courts, this Court is "guided by one overarching principle: the rule of law." *Planned Parenthood Se., Inc. v. Strange*, 33 F. Supp. 3d 1330, 1380 (M.D. Ala. 2014), *supplemented*, 33 F. Supp. 3d 1381 (M.D. Ala. 2014), and *amended by* No. 2:13CV405-MHT, 2014 WL 5426891 (M.D. Ala. Oct. 24, 2014); *see also id.* ("While this trial court may have the license, if not the obligation, to contribute its proverbial 'two cents' to the discussion of whether the law ought to be different, that voicing should in no way detract from this court's obligation to assure 100% enforcement of that law as it is."). Defendant is seeking to re-litigate *Roe*, *Casey*, *Whole Woman's Health*, and every other Supreme Court case affirming the constitutional right to abortion, despite that those decisions are the law of the land. But Defendant's hope that the Supreme Court will someday grant discretionary review in this case, apply the doctrine of *stare decisis*, and decide to change the prevailing legal standard does not entitle it to circumvent the federal rules and "change the logical sequence of litigation." *World Holdings, LLC v. Fed. Republic of Ger.*, 701 F.3d 641, 655 (11th Cir. 2012). Indeed, as the Eleventh Circuit has explained, allowing unnecessary discovery where a case may be resolved as a matter of law, "does nothing but waste the resources of the

litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).[5]

## II. Defendant's Proposed Expert Evidence is Irrelevant and Inadmissible.

Relevance is a foundational component of evidence under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), which ensures that expert testimony will actually "assist the trier of fact to understand the evidence or to determine a fact in issue," *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting Fed. R. Evid. 702). This requirement is not merely aspirational. *See, e.g.*, *A.A. Profiles, Inc. v. City of Fort Lauderdale*, 253 F.3d 576, 585 (11th Cir. 2001) (holding district court abused its discretion by failing to exclude expert testimony on an issue that was irrelevant under the prevailing legal standard).

Here, Defendant has not articulated any theory under which his proposed expert evidence would assist the trier of fact or is otherwise relevant to a fact in issue. *Cf. Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998) (holding motion for discovery prior to summary judgment "must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover *and how those facts would create a genuine issue of material fact precluding summary judgment*" (emphasis added)). Quite the opposite, having conceded that

---

[5] Indeed, in a similar context, the Eleventh Circuit has held that where a challenge to the legal sufficiency of a claim or defense "raises only questions of law, neither the parties nor the court have any need for discovery before the court rules on the motion" and "suggested that failure to rule on such a motion would in itself be an abuse of discretion." *World Holdings, LLC*, 701 F.3d at 655 (quoting *Chudasama*, 123 F.3d at 1367).

5

the viability framework is controlling precedent, Defendant has effectively admitted that his evidence is irrelevant and inadmissible. *See* Def.'s Opp'n at 2–3, 5–6, 12.

In cases such as these, courts routinely restrict litigants from wasting the parties'—and the courts'—resources on irrelevant and unnecessary discovery. *See, e.g.*, *Kirksey v. Schindler Elevator Corp.*, No. CV 15-0115-WS-N, 2016 WL 3189242, at *4 n.7 (S.D. Ala. June 7, 2016) (denying motion for limited discovery that "would take this case far afield and needlessly delay adjudication of the pending Rule 56 Motions"); *Spearman v. Wyndham Vacation Resorts, Inc.*, No. 7:11-CV-3960-LSC, 2014 WL 12767303, at *1 (N.D. Ala. Aug. 6, 2014) (granting summary judgment and denying request for discovery where plaintiffs "failed to show that the additional discovery will lead to any information that produces a genuine issue of material fact"); *Battles v. Russell Cty.*, No. 3:13CV196-CSC, 2013 WL 4029289, at *8 (M.D. Ala. Aug. 7, 2013) (granting motion to dismiss and denying request for discovery where "no amount of discovery will change the relevant state law"); *see also Manzini v. Fla. Bar*, 511 F. App'x 978, 983 (11th Cir. 2013) (upholding dismissal prior to discovery where defendant was entitled to qualified immunity because "[n]o amount of discovery could change that").

This is precisely the approach that other courts facing pre-viability abortion bans have taken. For example, in Mississippi, the district court entered an order limiting discovery in the challenge to Mississippi's 15-week ban, holding that evidence about "any other issue" than "whether the 15-week mark is before or after viability" is irrelevant. *Jackson Women's Health Org. v. Currier*, No. 3:18-CV-00171-CWR-FKB, 2018 WL 2219089, at *1 (S.D. Miss. May 15, 2018); *see also* Order, *EMW Women's Surgical Ctr., P.S.C., v. Meier*, No. 3:19-cv-178 (W.D. Ky. Apr. 17, 2019) (ordering "[i]f, after briefing of the legal issues [on approximately 6-week abortion ban] the Court is convinced that discovery is appropriate, limited discovery on discrete

6

factual issues may be authorized."). The district court in Mississippi explicitly rejected the State's attempt to develop irrelevant evidence, aimed not to aid the fact-finder, but solely to appeal to the Supreme Court:

> The Court will conclude with the obvious: Defendants' request for expanded discovery is not about defending H.B. 1510 within the viability framework. The evidence Defendants seek, about things like pre-viability "fetal pain," aims to persuade courts to reject the framework itself. If the Supreme Court feels open to such persuasion, it will indicate as much. To date, it has not done so, and has instead spent decades affirming the viability framework. This Court must remain within that framework, and limit discovery accordingly.

*Jackson Women's Health Org.*, 2018 WL 2219089, at *2 (footnotes omitted); *see also Planned Parenthood Se., Inc.*, 33 F. Supp. 3d at 1380 (recognizing *Casey* "gave to the courts in the trenches their marching orders"). Similarly, in a challenge to a North Dakota law banning abortion at approximately 6 weeks, the Eighth Circuit affirmed an order limiting discovery to the issue of viability, noting that "a district court must be allowed the discretion to limit the scope of discovery 'to what the court perceived were the central issues.'" *MKB Mgmt. Corp. v. Stenehjem*, 795 F.3d 768, 773 n.4 (8th Cir. 2015) (quoting *Admiral Theatre Corp. v. Douglas Theatre Co.*, 505 F.2d 877, 889 (8th Cir. 1978)).

### III. Defendant's Arguments in Favor of Expert Discovery are Unavailing.

Notably, Defendant does not (because he cannot) cite a single case involving the sort of record he seeks to create—a case where binding precedent dictates the outcome of the case as a matter of law, but the district court has nevertheless permitted a party to amass a shadow record of irrelevant and inadmissible expert evidence on the *stare decisis* factors. *See* Def.'s Disc. Br. at 3–4. Instead, the cases Defendant cites in support of his argument are inapposite, and do not support any exception to the normal rules of litigation.

7

First, Defendant cites *Casey*, arguing "there was a trial and a record in *Casey*, even though *Roe v. Wade* was precedent at the time that Pennsylvania's laws were challenged." Def.'s Disc. Br. at 3. However, *Casey* did not concern, as here, a categorical ban on all pre-viability abortions, but a number of different measures *regulating* abortion. Thus, to determine the constitutionality of those regulations under controlling precedent, the district court was required to determine the extent to which the regulations limited or burdened access to abortion, weighed against the extent to which they furthered important or compelling state interests. *See Planned Parenthood of Se. Pa. v. Casey*, 744 F. Supp. 1323, 1373–74 (E.D. Pa. 1990).[6] But *Casey* also left no doubt that "[r]egardless of whether exceptions are made for particular circumstances, a State may not prohibit any woman from making the ultimate decision to terminate her pregnancy before viability." 505 U.S. at 879; *see also Isaacson v. Horne*, 716 F.3d 1213, 1229 (9th Cir. 2013), *cert. denied* 571 U.S. 1127 (2014) ("The short of the matter is that, because Arizona's twenty-week law acts as a prohibition of, and not merely a limitation on the manner and means of, pre-viability abortions, under long-established Supreme Court law no state interest is strong enough to support it.").

Second, Defendant cites *Bryant v. Woodall*, 1:16-CV-1368, 2017 WL 1292378 (M.D.N.C. Apr. 7, 2017), in which the district court granted the State of North Carolina's Rule 56(d) motion for pre-summary judgment discovery. *See* Def.'s Disc. Br. at 3–4. However, unlike in this case, the State of North Carolina in *Bryant* had not conceded that its 20-week abortion ban

---

[6] If anything, the fact that the district court in *Casey* held a trial before resolving the issue on the merits further distinguishes that case from this one. *See* 744 F. Supp. at 1324. Here, even Defendant does not believe his "evidence" will create a genuine dispute of material fact that would preclude judgment as a matter of law.

prohibited pre-viability abortions and was therefore "inconsistent with *Casey*," Def.'s Opp'n at 3, when its Rule 56(d) motion for discovery was granted.[7]

Finally, Defendant suggests that Plaintiffs can simply opt not to present expert testimony and/or depose Defendant's experts and instead rely solely on legal arguments. *See* Def.'s Disc. Br. at 5. But if it were that simple, there would be little reason for district courts in Kentucky, Mississippi, and North Dakota to ever exercise their discretion to limit the scope and subject of expert discovery in pre-viability abortion ban cases. If Defendant opposes a dispositive motion by attaching expert evidence purporting to support spurious claims, Plaintiffs must expend time and resources to rebut and respond to that irrelevant evidence, or allow it to go undisputed. By setting clear standards for the relevance and admissibility of expert evidence, *see* Fed. R. Evid. 702, formulating clear processes for the prompt resolution of purely legal questions, *see* Fed. R. Civ. P. 12(c) and 56, and affording district courts the discretion to be "as inventive as the necessities of a particular case require in order to achieve the benign purposes" of the discovery rules, *DePetro*, 118 F.R.D at 524 (quoting 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2036 (1970)), the federal rules protect Plaintiffs from having to make that choice.

---

[7] Defendant's reliance on Justice Stevens's concurrence in *New York v. Ferber*, *see* Def.'s Disc. Br. at 4 (citing 458 U.S. 747, 780–81 (1982) (Stevens, J., concurring)), is even more misplaced. That concurring opinion had nothing to do with discovery, evidentiary records, or *stare decisis*, but concerned the dangers of issuing "[h]ypothetical rulings" under the First Amendment overbreadth doctrine. *See Ferber*, 458 U.S. at 781. Not even Defendant asserts that applying settled Supreme Court precedent in this case, without permitting the development of irrelevant and inadmissible expert evidence relating to the *stare decisis* factors, would lead this court to issue a "hypothetical ruling." If that were the case, then every application of precedent would be a "hypothetical ruling" because someday that precedent might be overturned.

**CONCLUSION**

While Plaintiffs do not dispute any litigant's right to try to challenge precedent it thinks is wrongly decided, this right does not extend to pursuing expert discovery that has no relevance and is inadmissible under the controlling legal standards. If anything, such discovery is particularly unjustified when the State would use it to burden those, such as Plaintiffs, defending long-settled constitutional rights.

As such, and for the reasons set forth above, Plaintiffs respectfully request that this Court issue an order prohibiting Defendant's proposed expert discovery and excluding Defendant's proposed expert reports and barring Defendant from relying on any non-publicly available "records" of Alabama abortion statistics, *see* Def.'s Disc. Br. at 3; *see also supra* n.2.

Dated: August 19, 2019

                                              Respectfully submitted,

                                              /s/ Alexa Kolbi-Molinas
Alexa Kolbi-Molinas*
New York State Bar #4477519
Meagan Burrows*
New York State Bar #5341904
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
akolbi-molinas@aclu.org
mburrows@aclu.org
(212) 549-2633

*Attorneys for Plaintiffs Yashica Robinson, M.D., Alabama Women's Center, Reproductive Health Services, and West Alabama Women's Center*

Carrie Y. Flaxman*
District of Columbia Bar #458681
Planned Parenthood Federation of America
1110 Vermont Avenue, NW, Suite 300
Washington, D.C. 20005
carrie.flaxman@ppfa.org

10

(202) 973-4830

Susan Lambiase*
New York State Bar #2099489
Planned Parenthood Federation of America
123 William St.
New York, NY 10038
susan.lambiase@ppfa.org
(212) 261-4750

*Attorneys for Plaintiff Planned Parenthood Southeast, Inc.*

Randall C. Marshall
ASB-3023-A56M
Brock Boone
ASB-2864-L11E
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-1747
(334) 265-2754
bboone@aclualabama.org
rmarshall@aclualabama.org

*Attorneys for Plaintiffs*

*Admitted Pro Hac Vice

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August 2019, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Middle District of Alabama using the CM/ECF system, thereby serving all counsel of record.

/s/Alexa Kolbi-Molinas
Alexa Kolbi-Molinas

*Attorney for Plaintiffs Yashica Robinson, M.D., Alabama Women's Center, Reproductive Health Services, and West Alabama Women's Center*