**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

YASHICA ROBINSON, M.D, et al.,

        Plaintiffs,

v.

STEVEN MARSHALL, et al.,

        Defendants.

CIVIL ACTION

Case No. 2:19-cv-365-MHT-SMD

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

Plaintiffs Yashica Robinson, M.D., Alabama Women's Center, Reproductive Health Services, and West Alabama Women's Center have moved for an *ex parte* temporary restraining order ("TRO") pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure, seeking to block enforcement of the State Public Health Officer's March 27, 2020 "Order of the State Health Officer Suspending Certain Public Gatherings Due to Risk of Infection by COVID-19" (the "March 27 Order") to prohibit pre-viability abortions.

The Court, having considered the pleadings, legal authority, and argument presented in support of Plaintiffs' Motion, as well as the sworn declarations submitted with that Motion, has found and concluded, for the specific reasons required under Federal Rule of Civil Procedure 65(d) that Plaintiffs have shown (1) a likelihood of success on the merits, (2) that they will suffer irreparable harm if a TRO is not granted, (3) that the balance of equities tip in Plaintiffs' favor, and (4) that a temporary restraining order is in the public interest.

Plaintiffs have established a likelihood of success on the merits of their claim that the March 27 Order violates Plaintiffs' patients' right to privacy under the Fourteenth Amendment

of the U.S. Constitution by banning pre-viability abortions, and that nothing about the COVID-19 crisis justifies forcing Plaintiffs' patients to continue their pregnancies against their will. Plaintiffs have also established that, absent emergency relief preventing the enforcement of the March 27 Order, Plaintiffs' patients will be denied the ability to have an abortion and will therefore suffer irreparable constitutional, medical, emotional, psychological, and other harms, for which there is no adequate remedy at law. Finally, the balance of hardships favors Plaintiffs because a TRO would preserve the status quo and a TRO is in the public interest.

The Court further finds that issuance of a temporary restraining order without a hearing and without notice to Defendants or providing them an opportunity to respond is warranted. Plaintiffs have made a showing that immediate and irreparable injury will result to Plaintiffs' patients before Defendants can be heard in opposition if the March 27 Order is enforced. Further, Plaintiffs have certified that they informed Defendants that Plaintiffs would seek emergency relief if the matter could not otherwise be resolved. *See* Decl. of Randall Marshall in Support of Pls.' Mot. for a TRO and Prelim. Inj. (Doc. No. ___).

The Court also finds that no security is required under Fed. R. Civ. P. 65(c).

IT IS THEREFORE ORDERED that Defendants, as well as their agents, employees, servants, attorneys, successors and any persons in active concert or participation with them, are TEMPORARILY RESTRAINED from enforcing, threatening to enforce, or otherwise requiring Plaintiffs to show compliance with the March 27 Order.

This Temporary Restraining Order shall expire on _____, 2020 at _____ _.m., unless extended by the Court for good cause shown, or by agreement of the parties.

IT IS FURTHER ORDERED that the security requirement of Fed. R. Civ. P. 65(c) is waived and that this injunctive relief is effective upon service.

Done this _____ day of _____, 2020.

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE