IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YASHICA ROBINSON, M.D., et al.,<br><br>            Plaintiffs,<br>v.<br><br>STEVEN MARSHALL, et al.,<br><br>            Defendants. | CIVIL ACTION<br><br>Case No. 2:19-cv-365-MHT-JTA |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO ORDER GRANTING PLAINTIFFS' MOTION TO FILE A SUPPLEMENTAL COMPLAINT**

Defendants' objections to this Court's order permitting Plaintiffs to file a supplemental complaint fail on account of one undisputed—indeed, indisputable—fact: The March 27 Order, like H.B. 314, operates as a pre-viability ban on abortions in the State of Alabama. Alabama's dual efforts to prohibit pre-viability abortion are overlapping in nature, implicate the same body of jurisprudence, and, as this Court has already ordered, should be heard in a single action for the sake of judicial economy.

This Court should reject Defendants' startling assertion that five decades of Supreme Court precedent have no relevance in determining the constitutionality of the March 27 Order. As explained in Plaintiffs' Emergency Motion to File a Supplemental Complaint Pursuant to Federal Rule of Civil Procedure 15(d) ("Pls.' Emergency Mot."), Doc. No. 72, the interrelated nature of Plaintiffs' challenges to both of Alabama's attempts to prohibit pre-viability abortions mean that this Court can ensure the efficient and fair administration of justice by resolving Plaintiffs' challenges in one action. This efficiency is further underscored by Defendants' failure to identify *any* prejudice flowing from the Court's order, coupled with the threat that relief the Court previously granted will be effectively nullified absent supplementation.

This Court should disregard Defendants' justifications purporting to differentiate their second attempt to ban pre-viability abortions from their first and affirm its order.

**ARGUMENT**

**1. The Court Properly Exercised Its Discretion Under the Liberal F.R.C.P. 15(d) Standard**

As this Court has held, a district court's discretion to permit supplementation pursuant to Federal Rule of Civil Procedure 15(d) is "broad" and "should be exercised liberally." *W. Ala. Women's Ctr. v. Miller*, 318 F.R.D. 143, 148 (M.D. Ala. 2016) (Thompson, J.). This wide discretion flows from the plain text of Rule 15(d), which makes clear that a party is permitted "to serve a supplemental pleading setting out *any* transaction, occurrence, or event that happened after the date of the pleading to be supplemented." F.R.C.P. 15(d) (emphasis added). The liberal granting of supplementation is well established in the case law of the Eleventh Circuit and its sister circuits. *See, e.g.*, Pls.' Emergency Mot. at 6 (collecting cases from the vast majority of circuits holding that supplementation should be granted "liberally" or "freely").

Nonetheless, Defendants attempt to obscure the clear meaning of Rule 15(d)—affirmed by essentially every Court of Appeals—through misleading citations to cases that are profoundly dissimilar from the instant motion. *See* Defs.' Obj. to Order Granting Pls.' Mot. (Doc. No. 86) ("Defs.' Obj.") at 4–5. For instance, Defendants characterize *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir. 2008) as standing for the proposition that supplementation ought to be denied when Plaintiffs' "new claims [could be raised] in another lawsuit." Defs.' Obj. at 4. However, the district court in that case denied supplementation because, "[i]n Plaintiffs' Second Amended Complaint, Plaintiffs *are not seeking to add additional claims*. Rather, Plaintiffs seek to add additional allegations to bolster their current claims contained within the Amended

Complaint." Order, *Schwarz v. City of Treasure Island*, No. 8:05-cv-1696-T-30MSS, Doc. No. 159, at 1 (M.D. Fla. Jan. 23, 2007) (emphasis added). Defendants similarly mischaracterize *Cason v. Seckinger*, 231 F.3d 777, 787 (11th Cir. 2000), insinuating that leave to amend was denied in that case because "the plaintiffs could bring the proposed claims in another lawsuit," Defs.' Obj. at 4; in reality, leave was denied when the plaintiffs sought to amend *eleven and a half years after filing the complaint* and *after the entry of several consent decrees*. *See Cason*, 231 F.3d at 777–78, 787; *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (contrary to Defendants' suggestion that leave to amend was denied because it would have added a new theory to the case, leave was actually denied after plaintiffs sought amendment more than three years after the filing of the original complaint). Defendants' citations to other, out-of-circuit precedent is similarly flawed. *See, e.g.*, *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 401–02, (9th Cir. 1997) (affirming denial of leave to supplement not merely, as Defendants' posit, because of a new claim in the supplemental pleading but because the plaintiffs sought to supplement *years after* a permanent injunction had issued in the district court, when the district court no longer retained jurisdiction).

**2. Supplementation Promotes Judicial Efficiency by Allowing the Court to Resolve Interrelated Challenges to Pre-Viability Abortion Bans**

Instead, applying the proper standard, this Court should affirm its order granting supplementation. Doing so would promote the fair and efficient administration of justice by consolidating into a single action both challenges to Alabama's efforts to ban pre-viability abortion, which involve substantially overlapping parties, facts, and legal principles.

Defendants' contention that the Supreme Court's abortion jurisprudence is irrelevant to this matter, *see* Defs.' Obj. at 3, is incorrect, as Plaintiffs explain in their reply brief in further support of their motion for TRO and/or preliminary injunctive relief, filed together herewith.

3

Indeed, all three district courts to have addressed comparable state actions—including this Court—correctly recognized that the Supreme Court's abortion jurisprudence applies to these cases. *See, e.g.*, TRO, *Robinson v. Marshall*, No. 2:19CV365-MHT, 2020 WL 1520243, at *2 (M.D. Ala. Mar. 30, 2020) ("Plaintiffs have established a likelihood of success on the merits of their claim that the March 27 order violates their patients' right to privacy under the Fourteenth Amendment [which] protects a woman's right to terminate her pregnancy."); *see also id.*, (citing *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833 (1992) and *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2309 (2016)). In so doing, this Court reached the same conclusion as two other federal district courts which preliminarily ruled on similar challenges the same day. *See* TRO, *Preterm Cleveland v. Yost*, No. 1:19-cv-00360, at 6 (S.D. Ohio Mar. 30, 2020) ("Plaintiffs have shown a likelihood of success on the merits on its claim that enforcement of the Director's Order as applied to surgical abortion procedures [during the COVID-19 outbreak] will result in an unconstitutional deprivation of Plaintiffs' patients' Fourteenth Amendment right…"); *id.* at 5–6 (citing *Roe v. Wade*, 410 U.S. 113 (1973), *Casey*, and *Whole Woman's Health*); *see also Planned Parenthood Ctr. for Choice v. Abbott*, No. A-20-CV-323-LY, 2020 WL 1502102, at *2 (W.D. Tex. Mar. 30, 2020) ("Specifically, the court finds that Plaintiffs have established a substantial likelihood of success on the merits of their claim that the Executive Order, as interpreted by the attorney general, violates Plaintiffs' patients' Fourteenth Amendment rights, which derive from the Bill of Rights, by effectively banning all abortions before viability [during the COVID-19 outbreak]"); *id.* (citing *Casey*, *Roe*, and other abortion rights cases). Moreover, Defendants' strident insistence that *Roe*, *Casey*, and *Whole Woman's Health* have no application in this case is belied by their own briefing on the matter. *See* Br. in Supp. of Defs.' Mot. to Dissolve the TRO and in Opp. to Pls.' Mot. for a Prelim. Inj., *Robinson*

4

*v. Marshall*, No. 2:19CV365-MHT at 21–25 (M.D. Ala. Apr. 1, 2020) (arguing that the March 27 Order does not constitute an undue burden under *Roe* and *Casey*).

As the Court has recognized, and as Defendants concede, Plaintiffs' initial challenge to Alabama's ban on pre-viability abortion is governed by this same body of law. *See Robinson v. Marshall*, 415 F. Supp. 3d 1053, 1056 (M.D. Ala. 2019) ("Here, in order to demonstrate a substantial likelihood of success on the merits, the plaintiffs must show that [H.B. 314] is likely to violate the substantive-due-process rights of individuals seeking abortions in Alabama."); *see also* Defs.' Obj. at 7 (acknowledging that Plaintiffs' challenge to Alabama's first ban "is governed by" *Casey*). "Given the interrelated nature of the two challenges, it makes sense to consider them in one lawsuit." *W. Ala. Women's Ctr.*, 318 F.R.D. at 150; *see also*, *Jackson Women's Health Org. v. Dobbs*, 379 F. Supp. 3d 549, 552 (S.D. Miss. 2019), *aff'd*, 951 F.3d 246 (5th Cir. 2020) ("The supplemental claims pose the same legal question as the original suit: does the law ban abortion prior to viability? … The State passed a new abortion ban while its present abortion ban is in active litigation. Supplementation will allow for a complete resolution of the dispute…"). For this reason, the district court in Ohio permitted plaintiff abortion providers to supplement their complaint challenging a pre-viability abortion ban to include claims involving an executive order similar to the March 27 Order, on grounds nearly identical to the ones Plaintiffs have put forward. *See* TRO, *Preterm Cleveland v. Yost*, No. 1:19-cv-00360, at 5 (S.D. Ohio Mar. 30, 2020) ("The Court finds that the combination of the overlapping subject matter, the Court's familiarity with that subject matter, and the Court's prior entry of a Preliminary Injunction related to that subject matter favor allowing the supplemental pleading."). That Defendants press an *additional* argument in support of their most recent attempt to ban pre-viability abortions is irrelevant, as this Court has previously recognized. *See W. Ala. Women's*

5

*Ctr.*, 318 F.R.D. at 149 ("While the justifications for the original regulation differed from those that will probably be proffered for the school-proximity law, the analytical approach the parties and the court will employ for assessing the constitutionality of the school-proximity law will likely largely be the same."). The parties and the Court are, therefore, "already fully familiar with the complex legal framework within which the [supplemental] claim will need to be considered." *Id.* at 150.[1]

### 3. Defendants Have Not Alleged Any Prejudice from Supplementation

Notably, Defendants have not identified *any* prejudice done to them by this Court's order permitting supplementation. *See* Defs.' Obj. (no mention of prejudice). This fact alone provides the Court with ample grounds for affirming its order. "In the absence of any apparent or declared reason," such as undue delay, bad faith, undue prejudice to the opposing party, etc., "the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).[2] Defendants' failure to identify any prejudice is unsurprising because, as explained more fully in Plaintiffs' Emergency Motion, there had been no substantive action on the docket in this case since October of last year, nor has there been any discovery. *See* Pls.' Emergency Mot. at 12; *see also W. Ala. Women's Ctr.*, 318 F.R.D. at 151 (the fact that "no uniform scheduling order with discovery and other deadlines has ever been entered" would weigh in favor of supplementation). Moreover, Plaintiffs timely filed their motion and could not be accused of *any*

---

[1] This is not the first time that officials in Alabama have tried to evade the application of the governing standard in abortion cases. *See W. Ala. Women's Ctr. v. Miller*, 217 F. Supp. 3d 1313, 1333 (M.D. Ala. 2016) (Thompson, J.). In response to the State's argument that it could effectively prohibit abortion clinics in vast swaths of Alabama pursuant to its zoning powers, this Court held that the State had "misapprehend[ed] the nature of the undue-burden analysis," and that, "[w]here constitutionally protected interests are threatened," the State's arguments that a weaker standard applied, did "not withstand scrutiny." *Id*.

[2] Although *Foman* concerned Rule 15(a), courts apply the same standard to amended pleadings as they do to supplemental pleadings under Rule 15(d). *See W. Ala. Women's Ctr.*, 318 F.R.D. at 148 (citing *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015)).

delay, let alone "unfair delay." *See* Pls.' Emergency Mot. at 12. (Emergency Motion filed within 24 hours of the Attorney General's confirmation that Plaintiffs could not continue providing abortions without risking criminal penalties).[3]

Plaintiffs, however, *have* shown that they would be prejudiced in the absence of supplementation. If this Court's order were to be vacated and the March 27 Order were enforced against Plaintiffs, the preliminary relief that this Court granted in October would be effectively nullified. Absent supplementation, Alabama would be able to accomplish through the March 27 Order what the Court has already enjoined it from doing: banning nearly *all* pre-viability abortions in Alabama. Supplementation is therefore necessary to "prevent [an] end-run by the State," *United States v. Ohio*, No. 2:08-CV-00475, 2014 WL 1308718, at *4 (S.D. Ohio March 28, 2014), which would "circumvent" the relief ordered by the Court earlier in this litigation, *Griffin v. Cty Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 226 (1964).

## CONCLUSION

For all these reasons, the Court should affirm its order granting Plaintiffs' Emergency Motion, finding that supplementation promotes judicial economy; causes no prejudice to Defendants; prevents the nullification of relief already granted by this Court to Plaintiffs; and will save resources and time for all parties and the Court.

Dated: April 3, 2020

                                                    Respectfully submitted,

---

[3] Defendants make the unusual assertion that supplementation in this case is "unfair to other litigants" who would have to pay a filing fee in order to challenge the March 27 Order. Def.' Obj. at 10 n.1. This hardly constitutes "undue prejudice *to the opposing party* by virtue of allowance of the amendment." *Foman*, 371 U.S. at 182 (emphasis added). Moreover, Plaintiffs perform virtually all of the abortions in Alabama in any given year, making it exceptionally unlikely that anyone seeking to prevent the application of the March 27 Order to abortion providers is not already a party to this case.

/s/Alexa Kolbi-Molinas
Alexa Kolbi-Molinas *
New York State Bar No. 4477519
Meagan Burrows *
New York State Bar No. 5341904
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
akolbi-molinas@aclu.org
mburrows@aclu.org
(212) 519-7845

Randall C. Marshall
ASB-3023-A56M
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-1747
rmarshall@aclualabama.org

*Attorneys for Plaintiffs Yashica Robinson, M.D., Alabama Women's Center, Reproductive Health Services, and West Alabama Women's Center*

*Admitted Pro Hac Vice*

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2020, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Middle District of Alabama using the CM/ECF system, thereby serving all counsel of record.

*/s/ Randall Marshall*
Randall Marshall

*Attorney for Plaintiffs Yashica Robinson, M.D., Alabama Women's Center, Reproductive Health Services, and West Alabama Women's Center*