IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| YASHICA ROBINSON, M.D., et al., on behalf of themselves, their patients, physicians, clinic administrators, and staff, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:19cv365-MHT |
| | ) | (WO) |
| STEVEN MARSHALL, in his official capacity as Alabama Attorney General, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

This case challenges the application of the State Health Officer's "Order of the State Health Officer Suspending Certain Public Gatherings Due to Risk of Infection by COVID-19," published on March 27, 2020, to abortion providers and clinics. On March 30, this court entered a temporary restraining order enjoining enforcement of the March 27 order as to those providers and clinics, but it promised to reconsider upon the

submission of the defendants' written arguments.

When the court entered its initial temporary restraining order, the plaintiffs had sought an immediate injunction prohibiting the delay of *any* abortion in Alabama--that is, they sought temporary relief broad enough to maintain the status quo. The court, concerned that the March 27 order could be read to effect a ban on abortions throughout the state, enjoined its enforcement.

Based on the current record, however, the court now finds that its initial temporary restraining order swept too broadly. At an on-the-record hearing held by teleconference earlier today, the defendants provided numerous clarifications to the March 27 order that mitigated the court's most immediate concerns about the order. While some postponements of abortions will undoubtedly occur, the March 27 order, as clarified by the Attorney General's Office during the conference call, allows providers, exercising their reasonable

medical judgment, to protect the right to terminate a pregnancy and the safety of their patients. But it also acknowledges that abortion providers and their patients must share the societal burden caused by COVID-19.

Now before the court are the defendants' motion to stay enforcement of the temporary restraining order pending appeal and their motion to dissolve the temporary restraining order. For the reasons explained below, the defendants' motion to stay will be granted to the extent that the court adopts as an order the clarifications described later in this order. As to the motion to dissolve, the parties agree that the notice of appeal filed with the Eleventh Circuit divests this court of jurisdiction over the defendants' motion to dissolve the temporary restraining order. *See generally Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) ("The filing of a notice of appeal is an event of

jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (internal quotation marks and citations omitted)). However, were the temporary restraining order to be remanded back to this court, the court would vacate it and impose relief to the extent indicated in today's order.

## I. Background

In December 2019, a novel coronavirus, which causes the disease now known as COVID-19, began to spread quickly around the world. *See* Declaration of State Health Officer (doc. no. 88-15) at 2 ¶ 2. On March 13, 2020, the President of the United States and the Governor of the State of Alabama declared the COVID-19 outbreak both a national and state emergency. *See id.* at 2-3 ¶¶ 4, 8.

Following these declarations, Alabama's State Health Officer issued a series of orders suspending certain public gatherings. *See* State Health Order of March 19, 2020 (doc. no. 88-4) at 2. The order initially delayed "all elective dental and medical procedures" from March 20 until April 6. *Id.* at 4 ¶¶ 6, 9. At the time, an assistant general counsel for the Alabama Department of Public Health confirmed to the plaintiffs' counsel that the order would not be applied to their abortion clinics. *See* Declaration of Plaintiffs' Counsel (doc. no. 73) at 46 ¶ 4. As a result, the plaintiffs continued to perform abortions. *See* Declaration of Yashica Robinson, M.D. (doc. no. 73) at 20 ¶ 37; Declaration of Gloria Gray (doc. no. 73) at 36-37 at ¶¶ 15, 17.

On March 27, the State Health Officer substantially revised the order, postponing "*all* dental, medical, or surgical procedures," with two exceptions: (a) those "necessary to treat an emergency medical condition" and

(b) those "necessary to avoid serious harm from an underlying condition or disease, or necessary as part of a patient's ongoing and active treatment." State Health Order of March 27, 2020 (doc. no. 88-1) at 6 ¶ 7 (emphasis added). The March 27 order expires on April 17 at 5:00 p.m., by which time and date the State Health Officer will determine whether to extend or relax it. *Id.* at 6 ¶ 10. While it is in force, the defendant Attorney General of Alabama has determined that a violation of the March 27 order is punishable as a misdemeanor and subject to a fine. *See* Guidance for Law Enforcement (doc. no. 88-12) at 2.

On March 30, after the plaintiffs' counsel were unable to satisfactorily confirm the applicability of the March 27 order to abortions, *see* Declaration of Plaintiffs' Counsel (doc. no. 73) at 47-48 ¶¶ 9-14, the plaintiffs filed a motion for a temporary restraining order and preliminary injunction, seeking to enjoin enforcement of the March 27 order against abortion

providers and abortion clinics. Later that day, during an emergency on-the-record hearing, counsel for the defendants seemed to suggest in response to the court's attempt at clarification that the only exception for abortions under the March 27 order would be limited to protecting the life and health of the mother. *See* April 2, 2020 Telephone Conference (doc. no. 98) at 20 ¶¶ 22-25, 21 ¶ 1, 22 ¶¶ 6-10. The court entered a temporary restraining order enjoining the application of the March 27 order against abortion providers until April 13, in part based upon such an understanding. As requested, the court gave the defendants 48 hours to respond to the plaintiffs' motion for a preliminary injunction and indicated that, upon receipt of the defendants' response, the court would immediately reconsider its decision. The court set the motion for a preliminary injunction for a hearing on April 6, one week before the expiration of the temporary restraining order.

Defendants subsequently clarified in their written submissions that they "did not mean to suggest that [protecting the life or health of the mother] are the only exceptions" for allowing an abortion to be performed under the March 27 order. Defs.' Br. (doc. no. 89) at 26 n.30. At the same time, the State Health Officer explained in his declaration that while "abortions constitute 'procedures'" under the order and that "no particular type of ... procedure categorically fits within one of the two exceptions," the determination of whether an exception applies "should be made by a doctor using reasonable medical judgment based upon his or her patient's individual circumstances." Declaration of State Health Officer (doc. no. 88-15) at 6 ¶¶ 22-23.

Along with its brief and evidentiary submissions, the defendants filed a motion to dissolve the temporary restraining order late in the day on April 1. On April 2, the court set the motion for a hearing the following

morning at 9:00 a.m.  In the interim, the defendants

filed a notice of appeal and a motion to stay

enforcement of the temporary restraining order pending

appeal.  The court set the motion to stay for the 9:00

a.m. hearing as well.  The hearing has now been held,

and the court is now reconsidering its order in light

of the motion to stay.


## II. Discussion

As discussed earlier, when the court entered the

initial temporary restraining order, the plaintiffs had

sought an immediate injunction that would prevent the

order from mandating the postponement of *any* abortion

in Alabama.  The court, concerned that the March 27

order could be read to effect a temporary ban on

abortions throughout the state, enjoined its

enforcement for 14 days.

Based on the current record, however, the court now

finds that its initial temporary restraining order

swept too broadly.  At an on-the-record hearing held by
teleconference earlier today, the defendants provided
numerous clarifications to the March 27 order.  These
clarifications alleviated the court's most serious
concerns underlying the issuance of its temporary
restraining order.   While some postponements of
abortions will undoubtedly occur, the clarified order
allows providers, exercising their reasonable medical
judgment, to protect their patients' right to terminate
a pregnancy and the safety of their patients.  But it
also recognizes that abortion providers and their
patients, like all residents of Alabama, must adapt to
the exigent circumstances caused by the global
pandemic.

As the court understands them, the defendants'
clarifications provide that:

(1) In general, for an abortion, "[l]ike any other
procedure, a doctor should examine his or her patient,
consider all circumstances, and determine whether one

of the[] exceptions [to the March 27 order] applies. If they do, the procedure can go forward." April 3, 2020 Telephone Conference Rough Draft (R.D.) Transcript at 46 ¶¶ 13-16; *see also* Declaration of State Health Officer (doc. no. 88-15) at 6 ¶ 23 (reasonable medical judgement standard).

(2) Specifically, if a healthcare provider determines, on a case-by-case basis in his or her reasonable medical judgment, that a patient will lose her right to lawfully seek an abortion in Alabama based on the March 27 order's mandatory delays (that is, that the patient will not be able to seek an abortion before the probable postfertilization age of the fetus is 20 weeks or more[1]), then the abortion may be performed without delay pursuant to the exceptions in the March 27 order. *See* April 3, 2020 R.D. Tr. at

---

1. Plaintiffs confirmed that at least 1-2 women would lose their right to an abortion (based upon the 20-week limitation under Alabama law) if their procedures were delayed until April 18 or later. *See* April 3, 2020 R.D. Tr. at 17 ¶ 1-5.

32 ¶ 9 - 34 ¶ 8.   The provider may examine his or her patient as needed to make the necessary determination regarding the age of the fetus.   *See id.* at 39 ¶¶ 11-19.

(3) Further, a healthcare provider may also examine his or her patient to assess whether or not an abortion can "be delayed for two weeks in a healthy way" during the enforcement of the March 27 order, which expires in two weeks on April 17.   *Id.* at 39 ¶ 14 (court's question); *see id.* at 39 ¶ 15-19 (defense counsel's answer).   If a healthcare provider determines, again on a case-by-case basis in his or her reasonable medical judgment, that the abortion cannot "be delayed ... in a healthy way," *id.* at 39 ¶ 14, then the abortion may be performed without delay pursuant to the exceptions in the March 27 order.

(4) The reasonable medical judgment of abortion providers will be treated with the same respect and deference as the judgments of other medical

providers. The decisions will not be singled out for adverse consequences because the services in question are abortions or abortion-related. *See* *id*. at 31 ¶ 24 - 32 ¶ 8.

If either party disagrees with the court's understanding of the defendants' clarifications, they are to submit their concerns by 9:00 a.m. on April 6. Because they were made in coordination with the chief law enforcement officer of the State, the court understands and expects that the clarifications (and this order codifying them) will be communicated to and followed by law enforcement actors throughout the State.

Finally, the court notes that it will reconsider this order upon any evidence that, under the auspices of the March 27 order, investigations are proceeding in bad faith against abortion providers acting in their reasonable medical judgment, or that they are being singled out for adverse treatment by enforcement

authorities.  Also, the above analysis depends upon the limited duration of the March 27 order, which lasts until April 17.  If the March 27 order is extended, the court will consider whether additional or different relief is warranted.  Relatedly, the court's decision today is based on the need to maintain the status quo during the limited period of the temporary restraining order.  In other words, additional relief could be warranted should the current crisis last for a longer period of time.

*** 

For the above reasons, it is ORDERED that the defendants' motion to stay enforcement of the temporary restraining order (doc. no. 95) is granted to the extent that the court adopts as its order the clarifications agreed upon by the defendants regarding the application of the March 27 order to the plaintiffs.  The court does not, and cannot, address

14

whether to grant or deny the defendants' motion to dissolve the temporary restraining order (doc. no. 87) since the court no longer has jurisdiction over the temporary restraining order.  However, as the court notes above, were the temporary restraining order to be remanded back to this court, the court would vacate it and impose relief to the extent indicated in today's order.

It is further ORDERED that the hearing on the motion for a preliminary injunction (doc. no. 73) will proceed on Monday, April 6, 2020, at 10:00 a.m. by videoconferencing.

DONE, this the 3rd day of April, 2020.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE