# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| YASHICA ROBINSON, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-cv-00365-MHT-JTA |
| | ) | |
| STEVEN MARSHALL, in his | ) | |
| official capacity as Attorney General of | ) | |
| the State of Alabama, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' NOTICE REGARDING COURT'S UNDERSTANDING OF DEFENDANTS' INTERPRETATION OF THE HEALTH ORDER

STEVE MARSHALL
  *Attorney General*

Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*
A. Barrett Bowdre (ASB-2087-K29V)
  *Deputy Solicitor General*

James W. Davis (ASB-4063-I58J)
Brad A. Chynoweth (ASB-0030-S63K)
Brenton M. Smith (ASB-1656-X27Q)
  *Assistant Attorneys General*

OFFICE OF ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Brad.Chynoweth@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov

***Counsel for Defendants Steve Marshall and State Health Officer Scott Harris***

In its April 3, 2020 Order (doc. 111), the Court set forth its understanding of four clarifications Defendants provided in their pleadings and at the April 3 telephonic hearing. *See* Doc. 111 at 10-13. The Court also stated that "[i]f either party disagrees with the court's understanding of the defendants' clarifications, they are to submit their concerns by 9:00 a.m. on April 6." *Id.* at 13. Defendants hereby provide additional detail regarding the clarifications to help avoid any misunderstanding.

**Clarification 1**:

In general, for an abortion, "[l]ike any other procedure, a doctor should examine his or her patient, consider all circumstances, and determine whether one of the[] exceptions [to the March 27 order] applies. If they do, the procedure can go forward." April 3, 2020 Telephone Conference Rough Draft (R.D.) Transcript at 46 ¶¶ 13-16; *see also* Declaration of State Health Officer (doc. no. 88-15) at 6 ¶ 23 (reasonable medical judgement standard). (Doc. 111 at 10-11)

Additional Clarification: Defendants would clarify that while "[t]he reasonable medical judgment of" all healthcare "providers will be treated with … respect and deference," (*id.* at 12) a healthcare provider's assertion that a procedure meets one of the exceptions is not conclusive proof that the procedure meets one of the exceptions in the March 27 order or the current April 3 public health order.[1]

**Clarification 2**:

Specifically, if a healthcare provider determines, on a case-by-case basis in his or her reasonable medical judgment, that a patient will lose her right to lawfully seek an abortion in Alabama based on the March 27 order's mandatory delays (that is, that the patient will not be able to seek an abortion before the probable postfertilization age of the fetus is 20 weeks or more), then the abortion may be performed without delay pursuant to the exceptions in the March 27 order. *See* April 3, 2020 R.D. Tr. at 32 ¶ 9 - 34 ¶ 8. The provider may examine his or her patient as needed to make the necessary determination regarding the age of the fetus. *See id*. at 39 ¶¶ 11-19. (Doc. 111 at 11)

---

[1] Defendants will refer solely to the now-operative April 3 order for the rest of this pleading. *See* Doc. 109-1.

1

Additional Clarification: Defendants agree that a healthcare provider can consider the mandatory delays posed by the April 3 order in assessing whether "immediate medical attention" is needed to avoid "placing the health of the person in serious jeopardy or causing serious impairment to bodily functions or serious dysfunction of bodily organs" or whether a procedure is "necessary to avoid serious harm." Apr. 3 Order ¶14. The fact that a delay would render a procedure unavailable could be relevant to determining whether it is currently necessary to perform the procedure. But any healthcare provider would still need to make an individualized determination for his or her patient as to whether losing the ability to have a procedure performed would cause serious harm to the patient.

**Clarification 3**:

Further, a healthcare provider may also examine his or her patient to assess whether or not an abortion can "be delayed for two weeks in a healthy way" during the enforcement of the March 27 order, which expires in two weeks on April 17. *Id*. at 39 ¶ 14 (court's question); *see id*. at 39 ¶ 15-19 (defense counsel's answer). If a healthcare provider determines, again on a case-by-case basis in his or her reasonable medical judgment, that the abortion cannot "be delayed ... in a healthy way," *id*. at 39 ¶ 14, then the abortion may be performed without delay pursuant to the exceptions in the March 27 order. (Doc. 111 at 12)

Additional Clarification: Defendants agree that if any procedure "cannot 'be delayed … in a healthy way," (DE 111 at 12) then the procedure "may be performed without delay pursuant to the exceptions in March 27 order," with the clarification that the exceptions require that the risk to a patient's health be sufficiently "serious."  *See* Apr. 3 Order ¶14(a), (b). When it comes to judging which risks are sufficiently "serious" to satisfy the order's exceptions, "[t]he reasonable medical judgment of" any healthcare provider "will be treated with … respect and deference." Doc. 111 at 12.

**Clarification 4**:

The reasonable medical judgment of abortion providers will be treated with the same respect and deference as the judgments of other medical providers. The

2

decisions will not be singled out for adverse consequences because the services in question are abortions or abortion-related. *See id.* at 31 ¶ 24 - 32 ¶ 8. (Doc. 111 at 12-13)

Defendants do not think this statement requires any further clarification.

        Respectfully submitted,

        Steve Marshall,
         *Attorney General*

        *s/* Edmund G. LaCour Jr.
        Edmund G. LaCour Jr. (ASB-9182-U81L)
         *Solicitor General*
        A. Barrett Bowdre (ASB-2087-K29V)
         *Deputy Solicitor General*

        James W. Davis (ASB-4063-I58J)
        Brad A. Chynoweth (ASB-0030-S63K)
        Brenton M. Smith (ASB-1656-X27Q)
         *Assistant Attorneys General*

        OFFICE OF ATTORNEY GENERAL
        501 Washington Avenue
        Montgomery, Alabama 36130-0152
        Telephone: (334) 242-7300
        Fax: (334) 353-8400
        Edmund.LaCour@AlabamaAG.gov
        Barrett.Bowdre@AlabamaAG.gov
        Jim.Davis@AlabamaAG.gov
        Brad.Chynoweth@AlabamaAG.gov
        Brenton.Smith@AlabamaAG.gov

        **Counsel for Defendants Steve Marshall and State Health Officer Scott Harris**

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2020, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, which will send notification of such filing to all counsel of

record.

*s/* Edmund G. LaCour Jr.
Counsel for Defendants Steve
Marshall and State Health Officer
Scott Harris
