IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

YASHICA ROBINSON, M.D.,           )
et al., on behalf of              )
themselves, their                 )
patients, physicians,             )
clinic administrators,            )
and staff,                        )
                                  )
        Plaintiffs,               )
                                  )       CIVIL ACTION NO.
     v.                           )       2:19cv365-MHT
                                  )          (WO)
STEVEN MARSHALL, in his           )
official capacity as              )
Alabama Attorney General,         )
et al.,                           )
                                  )
        Defendants.               )

PRELIMINARY INJUNCTION

In accordance with the opinion entered today, it is

ORDERED as follows:

(1) The motion for a preliminary injunction (doc.

no. 73) filed by the plaintiffs, Yashica Robinson,

M.D., Alabama Women's Center, Planned Parenthood

Southeast Inc., Reproductive Health Services, and West

Alabama Women's Center is granted in part, denied in

part, and held in abeyance in part, as set forth in further detail below.

(2) The motion is denied to the extent that it seeks a blanket injunction blocking *all* enforcement of the "medical restrictions" in the State Health Officer's March 27, 2020, and April 3, 2020, state health orders against the plaintiffs and their staff (or of any future order extending the application of the "medical restrictions"). "Medical restrictions" refers to paragraph 7 of the March 27 order and paragraph 14 of the April 3 order and to any identical language in any subsequently issued state health order.

(3) The motion is granted to the following extent. The defendants Alabama State Health Officer and Alabama Attorney General, and their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of the aforementioned individuals, are each PRELIMINARILY ENJOINED and RESTRAINED from, when applying and

enforcing the "medical restrictions," whether through Ala. Code 1975 § 22-2-14 or other mechanisms, failing to allow healthcare providers who are determining whether to postpone abortions to consider and to base their decisions on the following factors, using the providers' reasonable medical judgment exercised on a case-by-case, individualized basis:

(a) Whether under 1975 Ala. Code § 26-23B-5, a patient would lose her legal right to obtain an abortion if the procedure were delayed until after April 30, 2020 (or, if a new order is entered extending the application of the medical restrictions, if delayed until after the end date of that future state health order);

(b) The timing of the patient's last menstrual period, as determined by the healthcare provider;

(c) Gestational age of the fetus, as determined by the healthcare provider;

(d) The increase in risk to the life or health of the patient if the abortion is delayed;

(e) The increase in risk of serious complications if the abortion is delayed;

(f) Economic factors that may impact the patient's ability to obtain an abortion if the abortion is delayed;

(g) Social factors that may impact the patient's ability to obtain an abortion if the abortion is delayed;

(h) Logistical factors that may impact the patient's ability to obtain an abortion if the abortion is delayed; and

(i) Medical history and conditions of the patient.

(4) The preliminary injunction shall remain in effect until further order of the court.

(5) In light of the temporary restraining order issued in *S. Wind Women's Ctr. LLC v. Stitt*, No.

CIV-20-277-G, 2020 WL 1677094 (W.D. Okla. Apr. 6, 2020) (Goodwin, J.), the motion is held in abeyance to the extent it seeks relief prohibiting application to *all* medication abortions of the medical restrictions of the State Health Officer's March 27, 2020 and April 3, 2020 state health orders (and to any future orders extending the application of the medical restrictions). The court will further consider whether relief is appropriate on this issue.

(6) The bond requirement of Fed. R. Civ. P. 65(c) is waived.

DONE, this the 12th day of April, 2020.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE