IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| YASHICA ROBINSON, M.D., et al., on behalf of themselves, their patients, physicians, clinic administrators, and staff, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:19cv365-MHT (WO) |
| STEVEN MARSHALL, in his official capacity as Alabama Attorney General, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

The plaintiffs, abortion providers in Alabama, filed this lawsuit in 2019 to challenge an Alabama statute that imposed criminal penalties on abortion providers for nearly all abortions regardless of fetal viability, and thereby effectively banned most pre-viability abortions. That same year the court granted a motion for a preliminary injunction enjoining the law. *See Robinson v. Marshall*, 415 F. Supp. 3d 1053 (M.D. Ala. 2019).

On March 30, 2020, the plaintiffs filed a motion for leave to file a supplemental complaint, along with a new motion for a temporary restraining order and preliminary injunction. *See* Plaintiffs' Emergency Motion to File a Supplemental Complaint Pursuant to Fed. R. Civ. P. 15(d) (doc. no. 72); Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (doc. no. 73). Due to the need to move quickly, the court set oral argument on the motions for the same day. Based upon the oral argument and the plaintiffs' briefing, the court then granted the motion for leave to file the proposed supplemental complaint and ordered the plaintiffs to file it as an amended complaint. *See* Order Granting Plaintiffs' Motion to File a Supplemental Complaint (doc. no. 78). However, because the defendants had not had a sufficient opportunity to respond to the motion in writing at that point, the court granted them an opportunity to file objections to the order allowing the supplemental complaint and promised to give the

2

supplementation motion full reconsideration upon receipt of the briefing.

This case is now before the court on the defendants' objections to the order granting the motion to supplement the complaint. Upon receiving the written objections, the court gave the motion full reconsideration, but the objections did not change the court's conclusion. However, due to the time-sensitive need to resolve the new motion for a preliminary injunction that was filed along with the motion to supplement the complaint, the court did not have time to issue an opinion and order on the objections until now. The court now memorializes the decision that it made on the objections prior to issuing its 2020 preliminary injunction. *See Robinson v. Marshall*, No. 2:19CV365-MHT, 2020 WL 1847128, --- F. Supp. 3d --- (M.D. Ala. Apr. 12, 2020) (granting 2020 preliminary-injunction motion). For the reasons explained below, the court overrules the objections to

3

the order granting the motion for leave to file a supplemental complaint.

In 2019, the plaintiffs filed this lawsuit to challenge an Alabama statute that would ban the performance of any abortion except to avert death or serious health risk to the patient and would impose criminal liability on abortion providers for violating the ban. *See* Verified Complaint for Declaratory and Injunctive Relief (doc. no. 1). They contended that the statute violated the substantive-due-process rights of their patients to terminate a pregnancy before viability. The court granted a preliminary injunction enjoining enforcement of the law as to pre-viability abortions. *See Robinson v. Marshall*, 415 F. Supp. 3d 1053 (M.D. Ala. 2019).

The plaintiffs' proposed supplemental complaint added a challenge to a March 2020 order issued by the State Health Officer in response to the COVID-19 pandemic requiring the delay of all medical procedures, including

**4**

pre-viability abortions, subject to certain exceptions for treatment necessary for emergency medical conditions, serious risk to the patient's health, and ongoing treatment. *See* Proposed Supplemental Complaint (doc. no. 72-1). The order could be enforced via criminal penalties on abortion providers. *See id.* at 20 ¶ 56. As in the original complaint, the supplemental complaint challenged the state health order as a violation of the substantive-due-process rights of the plaintiffs' patients to terminate a pregnancy before viability.

Federal Rule of Civil Procedure 15(d) allows a court, "[o]n motion and reasonable notice" and "on just terms, [to] permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Rule "is intended to give the court broad discretion in allowing a supplemental pleading." Fed. R. Civ. P. 15(d) advisory committee's note to 1963 amendment.

5

Courts take a liberal approach to motions to supplement complaints under Rule 15(d). *See, e.g.*, *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015), *cert. denied*, 136 S. Ct. 2517 (2016). *See also Harris v. Garner*, 216 F.3d 970, 984 (11th Cir. 2000) (noting "the liberal allowance of amendments or supplements to ... pleading under Rule 15"). As this court previously explained, "[t]his liberality is reminiscent of the way in which courts have treated requests to amend under Rule 15(a)'s leave 'freely give[n]' standard." *W. Alabama Women's Ctr. v. Miller*, 318 F.R.D. 143, 148 (M.D. Ala. 2016) (quoting *Gadbois*, 809 F.3d at 7 (citations omitted)). "As Judge Haynsworth famously put it, 'a supplemental pleading ... is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay, and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of

justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears....'" *Id.* (quoting *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963), *cert. denied*, 376 U.S. 963 (1964)).

Nevertheless, there are limits on a court's discretion. In addition to the requirement that supplementation must be based on a "transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented," Fed. R. Civ. P. 15(d) (emphasis added), the supplementation must have "some relation" to what is sought to be supplemented. *Rowe v. U.S. Fid. & Guar. Co.*, 421 F.2d 937, 943 (4th Cir. 1970).

In deciding whether to allow a supplemental pleading, courts must "weigh the totality of circumstances." *Gadbois*, 809 F.3d at 7. Courts should consider factors such as whether the supplementation would be futile, whether the opposing party would be prejudiced, whether there has been unreasonable delay in moving to

supplement, and whether supplementation would facilitate efficient resolution of the claims. *See Gadbois*, 809 F.3d at 7. *See also* 6A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1504 (3d ed.) (explaining that supplemental pleadings should be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action").  Where the claims in the original and supplemental complaints have the same "focal points" or objectives, supplementation may be appropriate. *Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 625 (6th Cir. 2016) (finding no abuse of discretion where, in lawsuit with existing consent decree, district court allowed supplemental complaint to address newly enacted law where "the 'focal points' of both complaints [were] the same: ensuring all ballots, but particularly provisional and absentee ballots, ...

8

are not unfairly excluded and left uncounted due to illegal voter identification rules."); *see also Keith v. Volpe*, 858 F.2d 467, 474-476 (9th Cir. 1988) (finding no abuse of discretion where district court allowed filing of supplemental complaint to add new claims to case with existing consent decree because the original and new case shared the same focus).

Here, applying these principles and guidelines, the court found that allowing the plaintiffs to supplement their complaint was appropriate in the totality of the circumstances. First, there is clearly "some relation" between the original complaint and the supplemental one. *Rowe*, 421 F.2d at 943. While there are differences between the new and supplemental claims, there is also significant overlap in the claims and legal analysis required between the original complaint and the supplemental complaint: Both complaints challenge restrictions on pre-viability abortion under the substantive due-process analysis of *Planned Parenthood*

*of Southeast Pennsylvania v. Casey*, 505 U.S. 833 (1992), and related cases.  Both the original complaint and the supplemental complaint challenge restrictions that may prohibit abortion with only limited exceptions for necessary medical treatment and that may result in the imposition of criminal liability upon abortion providers. In other words, they have the same "focal points."  *Ne. Ohio Coal. for the Homeless*, 837 F.3d at 625.  Of course, in the supplemental complaint, the defendants raise distinct state interests to justify the challenged order, and the state health order is time-limited.  However, the court must still engage in similar legal analysis to determine the constitutionality of the challenged order. While the defendants contend that *Casey*'s substantive-due-process analysis is irrelevant to the plaintiffs' challenge to the state health order, the court disagrees.  For under *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11 (1905), which the defendants contend controls, the court still must assess whether the

10

state health order violates a fundamental right--a question that calls for analysis under *Casey*. *See id.* at 31 (noting that, in the face of "a plain, palpable invasion of rights secured by the fundamental law, it is the duty of the courts to so adjudge, and thereby give effect to the Constitution" (citations omitted)). As this court has already become quite familiar with the substantive-due-process analysis through its issuance of the 2019 preliminary injunction, it is efficient for this court to handle the new claim raised in the supplemental complaint as well.

The defendants argue supplementation should be denied because the plaintiffs seek to add new parties. As an initial matter, the Supreme Court has explained: "Rule 15(d) of the Federal Rules of Civil Procedure plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary. Such amendments are well within the basic

11

aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 227 (1964). Thus, the mere addition of new parties would not render supplemental pleadings improper.

In any case, as a practical matter, there is no reason to believe that the naming in the supplemental complaint of 'new' defendants will undermine the goal of efficient resolution. Indeed, the 'new' defendants named in the supplemental complaint are not really new. Both the original complaint and the proposed supplemental complaint named the same defendants: the Attorney General, the State Health Officer, the district attorneys of the counties where the plaintiff clinics are located, the Chairman of the Alabama Board of Medical Examiners, and the Chairman of the Medical Licensure Commission of Alabama, all of whom, the plaintiffs contend, have the authority to enforce the challenged statute and order against them. Early in the case, the plaintiffs

12

voluntarily dismissed without prejudice all of the
defendants except the Attorney General. *See* Dismissal
Orders (doc. nos. 44, 49). Importantly, however, the
plaintiffs did so *not* because the defendants were
improper parties but instead to streamline the case,
based on these defendants' agreement to be bound by any
relief ordered by the court against the Attorney General.
*See, e.g.,* Joint Motion to Dismiss Defendant Harris (doc.
no. 24). In other words, the other defendants chose to
leave the defense of the litigation to the Attorney
General. Of course, the defendant State Health Officer
will play a more substantial role in the next phase of
the litigation because he issued the state health order
at issue in the supplemental complaint. Nevertheless,
there is no reason to think that the re-addition of him
or the other defendants to the case will unduly
complicate the case.* Moreover, the fact that the

_____

        * Counsel for the other defendants have received
notice of the supplemental complaint through the court's

13

parties are essentially the same weighs in favor of allowing supplementation.

In addition, "one of the primary goals of Rule 15(d) is to aid in the complete resolution of disputes between parties." *W. Alabama Women's Ctr.*, 318 F.R.D. at 150 (citing *New Amsterdam*, 323 F.2d at 28 (explaining that supplemental pleading "enabl[es] a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted"). Here, the plaintiffs' original complaint sought to remove a legal barrier to the provision of pre-viability abortions to their patients, and the court preliminarily granted such relief. The state health order that the plaintiffs challenge with the supplemental complaint has created a new dispute between the parties; furthermore, the state health order undercuts the relief the

---

CM/ECF filing system, but have not filed anything to date.

**14**

plaintiffs sought and that the court previously granted
in this case, because it again prevents the plaintiffs
from providing, and leaves them potentially subject to
criminal liability for performing, most pre-viability
abortions. *Cf. Ne. Ohio Coal. for the Homeless*, 837 F.3d
at 625 (allowing supplemental complaint to challenge new
election law that affected the terms of consent decree
entered on claims in original complaint).
Supplementation will allow the court to resolve
completely the disputes between the parties.

Finally, there is no evidence that supplementation
was unreasonably delayed or that it would unduly
prejudice the defendants. *See Gadbois*, 809 F.3d at 7.
The plaintiffs filed their motion to supplement three
days after the state health order was issued. And, while
the original complaint has been pending since May 2019,
the case is still at a stage at which another claim could
be added without inconvenience to the parties. Since the
court issued its first preliminary injunction in October

2019, the case has not progressed.  No scheduling order has yet been issued, and the court has under advisement the issue of whether to allow discovery in the case. *See* Order (doc. no. 62) (setting issue of discovery for briefing and submission).  Accordingly, the defendants will face no undue prejudice from defending the plaintiffs' supplemental claims in this case as opposed to a new one.

In conclusion, because of the relation between the original complaint and the supplemental one, because supplementation has not been delayed and will not unfairly prejudice the defendants, and because of the current posture of this litigation, the court concludes that allowing supplementation would promote the efficient administration of justice and that the benefit of allowing supplementation outweighs any disadvantage that might arise.

***

Accordingly, it is ORDERED that the defendants' objections (doc. no. 86) to the court's order granting plaintiffs' motion to file a supplemental complaint are overruled.

DONE, this the 16th day of April, 2020.


                      /s/ Myron H. Thompson
                 UNITED STATES DISTRICT JUDGE

17