**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | |
|---|---|
| YASHICA ROBINSON, M.D., )<br>et al., on behalf of )<br>themselves, their )<br>patients, physicians, )<br>clinic administrators, )<br>and staff, )<br>　　　　　　　　　　　　　　)<br>　　　Plaintiffs, )<br>　　　　　　　　　　　　　　)<br>　　　v. 　　　　　　　　 )<br>　　　　　　　　　　　　　　)<br>STEVEN MARSHALL, in his )<br>official capacity as )<br>Alabama Attorney General, )<br>et al., 　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>　　　Defendants. 　　　　 ) | CIVIL ACTION NO.<br>2:19cv365-MHT |

**NOTICE OF ERRATA**

The court gives notice of the following errata in the Opinion (doc. no. 137) entered on April 12, 2020.

On page 3, in footnote 2, the citation currently "*see* Complaint (doc. no. 1) at ¶¶ 18-25" should instead be "*see* Complaint (doc. no. 1) at 8-10 ¶¶ 18-25".

On page 3, in footnote 2, in the first sentence, the word "four" should be removed.

On page 8, the citation "*See Robinson v. Marshall*, 2020 WL 1520243 (M.D. Ala. 2020) (Thompson, J.), *amended by Robinson v. Marshall*, 2020 WL 1659700 (M.D. Ala. 2020), *and appeal dismissed*, No.20-cv-11270-B (11th Cir. 2020)" should instead be "*See Robinson v. Marshall*, No. 19-cv-365, 2020 WL 1520243 (M.D. Ala. Mar. 30, 2020) (Thompson, J.), *amended by Robinson v. Marshall*, 2020 WL 1659700 (M.D. Ala. Apr. 3, 2020), *and appeal dismissed*, No. 20-cv-11270-B (11th Cir. Apr. 6, 2020)."

On page 13, in footnote 4, the citation "*see also Robinson v. Marshall*, 2020 WL 1659700, at *1 (M.D. Ala. 2020) (Thompson, J.)" should instead be "*see also Robinson*, 2020 WL 1659700, at *1".

On page 15, the explanatory parenthetical accompanying the citation "*Id.* at 3" which reads "(internal quotation marks, alteration, and citation omitted)", should be replaced with the phrase "(internal quotation marks and citation omitted)".

On page 17, at line 1, the word "two" in the phrase "ground between the two parties" should be replaced with

2

the word "opposing". Also, on the last line, the comma after "April 3" and before "caused" should be omitted.

On page 22, in footnote 6, the short-cite to "*Casey*, 505 U.S. at 894" should be replaced with a long-cite to "*Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 894 (1992)".

On page 23, after 1975 Ala. Code, the following should be removed: ", as amended,". The new cite should be "1975 Ala. Code § 26-23B-5".

On page 24, the citation to "Induced Termination of Pregnancy Statistics" should be replaced with "Induced Termination of Pregnancy Statistics: 2018".

On page 24, the phrase "receiving necessary time off" should be replaced with "obtaining necessary time off".

On page 26, the long-form citation to "*See, e.g.*, April 6, 2020, Hr'g Tr. (doc. no. 133) at 160:11-13" should be replaced with short-form citation "*See, e.g., id.* at 160:11-13".

On page 26, in footnote 8, the following should be deleted: "Committee on Reproductive Health Services:

3

Assessing the Safety and Quality of Abortion Care in the U.S.,".

On page 27, in footnote 9, the citation to "Linda A. Bartlett, *Risk Factors for Legal Induced Abortion-Related Mortality in the United States*, 103 Obstetrics & Gynecology 729, 731, 735 (2004)" should be changed to "Linda A. Bartlett et al., *Risk Factors for Legal Induced Abortion-Related Mortality in the United States*, 103 Obstetrics & Gynecology 729, 731, 735 (2004)".

On page 28, "Southeast" should be replaced by "Southeastern".

On page 29, on the last line, a period should be added after "*id*" in the phrase "*See id* at".

On page 30, in the first paragraph, the citation for the long quote from *Jacobson*, which currently reads "*Id.* at 30 (emphasis added)" should read "*Id.* at 31 (citations omitted) (emphasis added)".  Additionally, the sentence "Abortion is a fundamental right" should read "Abortion, at least before viability, is a fundamental right".

On page 31, in the parenthetical following the

citation to *Doe v. Moore*, the phrase "(internal citation marks omitted)" should be changed to "(internal citations omitted)".

On page 34, in footnote 12, the phrase "(Beckwith, J.)" should be added after the phrase "(S.D. Ohio 1995)".

On page 35, the citation to *Casey* should be changed from "505 U.S. at 786" to "505 U.S. at 876".

On page 36, the long-form citation to "*Planned Parenthood Se., Inc. v. Strange*, 9 F. Supp. 3d 1272, 1286 (M.D. Ala. 2014) (Thompson, J.)" should be replaced with the following short-form citation: "*Planned Parenthood Se.*, 9 F. Supp. 3d at 1286." Also, in footnote 13 on that page, the citation "See April 6, 2020, Hr'g Tr. (doc. no. 133) at 37:21-22" should be immediately followed by "; 38:8-12".

On page 37, in footnote 14, the long-form citation to *Gonzalez v. Carhart* should be replaced with the following: "*Gonzalez*, 550 U.S. at 145," and the "*see id.* at 146" citation should be replaced with the following: "*Casey*, 505 U.S. at 846."

On page 38, on the second line, the citation to "10:19:11:1" should instead read "10:19-11:1". The citation to the "Decl. of the State Health Officer (doc. no. 88-15) at ¶ 24" should be amended by adding the number 7 before the ¶ symbol, to denote the page number.

On page 39, the citation "Defs.' Clarifications (doc. no. 120) at 2-3" should instead read "Defs.' Clarifications (doc. no. 120) at 2". In footnote 15, the first citation to the "Decl. of the State Health Officer (doc. no. 88-15) at ¶ 24" should be amended by adding the number 7 before the ¶ symbol, to denote the page number; the second identical citation should be replaced by "*Id.*"

On page 40, the following should be added after "(Dr. Harris's expectation that a pregnant woman should continue to receive prenatal care under the medical restrictions)": "; *id.* at 88:9-90:9".

On page 42, the citation to *Smith v. Avino* has a pin cite to page 109 that should be removed. That is, ", 109" should be removed. In footnote 17, the word "state" in the first sentence should be capitalized.

In the footnote on page 43, brackets should be added around the word "executive's" to match the quote in the main text on the same page.  Also in the footnote on page 43, where the text currently reads "that the restrictions imposed were necessary to maintain order," it should instead read "that the restrictions ... imposed were necessary to maintain order".

On page 43, in both the text and the footnote, the parenthetical "(internal citations, alteration, and quotation marks omitted)" should be replaced.  In those two locations, where the opinion currently reads "(internal citations, alteration, and quotation marks omitted)," it should say "(internal citations and quotation marks omitted) (alterations in original)" instead.

On page 47, where the document currently reads "coordinating care for their children," it should instead read "coordinating child care for their children."

The last full sentence on page 47 of the current opinion erroneously uses a full citation, rather than a

short citation.  Where it currently reads "April 6, 2020 Hr'g Tr. (doc. no. 133)," it should merely say "*id.*"  Further, the citation, instead of citing 44:3-10, should instead cite 44:3-14.

On page 48, the court will replace this sentence: "Rather, they would allow a provider to consider whether a patient's abortion must proceed as scheduled because that patient will not, or likely will not, be able to terminate her pregnancy if it is postponed."  In its place, the sentence should read: "Rather, they would allow a provider to consider a range of factors to determine whether a patient's abortion should proceed as scheduled, including because that patient will not, or likely will not, be able to terminate her pregnancy if it is postponed."

On page 48, the full citation to *Stenberg v. Carhart* should instead be a short citation.  Thus, the citation sentence should read: "*Stenberg*, 530 U.S. at 940" followed by the explanatory parenthetical that is already included.

On page 52, the court will replace this sentence: "As the Eleventh Circuit has held, any denial of that right constitutes 'irreparable injury.'" Instead, the sentence should read: "As the Eleventh Circuit has indicated, an ongoing denial of that right constitutes 'irreparable injury.'" (In the text, the single quotation marks should be replaced by double quotation marks.)

DONE, this the 27th day of April, 2020.

                              /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE