## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

**YASHICA ROBINSON, M.D, et al.,**

               **Plaintiffs,**

**v.**

**STEVEN MARSHALL, et al.,**

               **Defendants.**

**CIVIL ACTION**

**Case No. 2:19-cv-365-MHT-SMD**

### Joint Status Report

Per the Court's May 6, 2020 Order (Doc. No. 162), the Parties submit the following report setting forth their joint position on the current status of Plaintiffs' challenge to the "medical restrictions" contained in the March 27, 2020 and the April 3, 2020 state health orders:

1.      On March 30, 2020, Plaintiffs sought leave to file a Supplemental Complaint (Doc. No. 72) and filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 73) against the medical restrictions in the March 27 Order. The Court granted both leave to file an Amended Complaint and a Temporary Restraining Order the same day. Doc. Nos. 78, 83, 145.

2.      Following a telephone conference with the Parties, on April 3 the Court modified the Temporary Restraining Order. Doc. No. 111. That same day, the State issued the April 3 Order, which contained the same medical restrictions.[1] Doc. No. 113. The April 3 Order was set to expire at 5:00 p.m. on April 30, 2020. *Id.*

---

[1] Because the "medical restrictions" language continued in the March 27 Order merged into the April 3 Order, the parties will refer to the April 3 Order as the operative order.

3.      The Court conducted an evidentiary hearing on April 6 and granted the Preliminary Injunction on April 12. Doc. Nos. 124, 138. Defendants appealed the Preliminary Injunction on April 13 (Doc. No. 139) and filed a partial Motion to Dismiss on April 27. Doc. No. 156.

4.      The April 3 Order expired at 5:00 p.m. on April 30, 2020.

5.      On April 28, the State Health Officer issued an order effective April 30, 2020 at 5:00 P.M. until 5:00 P.M. on May 15, 2020, or until rescinded by the State Health Officer. *See* Doc. No. 159-1 ¶¶ 1, 14–15. The April 28 Order contains different language regarding "medical restrictions" than in ¶ 14 of the April 3 Order.

6.      Specifically, the April 28 Order permits "dental, medical, and surgical procedures" to proceed "unless the State Health Officer or his designee determines that performing such procedures, or any category of them (whether statewide or regionally), would unacceptably reduce access to personal protective equipment or other resources necessary to diagnose and treat COVID-19." *See* Doc. No. 159-1 ¶ 12.

7.      On May 8, the State Health Officer issued an order amending the April 30 Order (the "May 8 Order," attached here as Exhibit A). The May 8 Order is effective until 5:00 P.M. on May 22, 2020 or until rescinded by the State Health Officer.  *See* May 8 Order ¶¶ 16–17.

8.      The May 8 Order contains the same language concerning dental, medical, and surgical procedures as contained in the April 28 Order. *See id.* ¶ 14.

9.      The Parties agree that the April 12 Preliminary Injunction (Doc. No. 138) is now moot to the extent it was tied to the pre-existing "medical restrictions" language, which has since been lifted.

10.      Accordingly, on May 5, the Parties submitted a joint motion to the Eleventh Circuit, pursuant to Fed. R. Civ. App. 42(b) and 11th Cir. R. 42-1(a), to dismiss the State's appeal (Doc.

No. 139) of the Preliminary Injunction (Doc. No. 138), and to transfer jurisdiction over any claim for attorneys' fees on appeal to this Court.

11.     That same day, the Eleventh Circuit granted the Parties' motion, dismissed the State's appeal of the Preliminary Injunction, and transferred consideration of attorney's fees on appeal to this Court.  *See* Doc. No. 161 at 2.

12.     Now that jurisdiction has returned to this Court, the Parties believe it would be appropriate for this Court to dissolve the Preliminary Injunction as moot.

13.     Defendants represent that they have no intention at this time to impose restrictions on dental, medical, or surgical procedures in future emergency orders.

14.     On the basis of the Defendants' representation, the Parties are discussing the terms of a joint dismissal without prejudice, pursuant to Fed. R. Civ. P. 41, of those portions of the First Amended Complaint (Doc. No. 79) concerning the medical restrictions language in the now-expired April 3 Order.

15.     Accordingly, the Parties propose to file a joint motion to dismiss without prejudice on or before 5:00 p.m. on May 22. If the Parties cannot come to an agreement on the terms of the dismissal, the Parties will file a joint status report on or before 5:00 p.m. on May 22, laying out the Parties' respective positions on the appropriate resolution of the matter.

Respectfully submitted,

Steve Marshall,
  *Attorney General*

Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*
A. Barrett Bowdre (ASB-2087-K29V)
  *Deputy Solicitor General*

/s James W. Davis

/s/Alexa Kolbi-Molinas
Alexa Kolbi-Molinas *
New York State Bar No. 4477519
Meagan Burrows *
New York State Bar No. 5341904
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004

3

James W. Davis (ASB-4063-I58J)
Brad A. Chynoweth (ASB-0030-S63K)
Brenton M. Smith (ASB-1656-X27Q)
  *Assistant Attorneys General*

OFFICE OF ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Brad.Chynoweth@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov

*Counsel for Defendants Steve Marshall and
State Health Officer Scott Harris*

akolbi-molinas@aclu.org
mburrows@aclu.org
(212) 519-7845

Randall C. Marshall
ASB-3023-A56M
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-1747
rmarshall@aclualabama.org

*Attorneys for Plaintiffs Yashica Robinson,
M.D., Alabama Women's Center,
Reproductive Health Services, and West
Alabama Women's Center*

*Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2020, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Middle District of Alabama using the CM/ECF system, thereby serving all counsel of record.

/s/ Randall Marshall

Randall Marshall

*Attorney for Plaintiffs Yashica Robinson, M.D., Alabama Women's Center, Reproductive Health Services, and West Alabama Women's Center*

5

# EXHIBIT A

**ORDER OF THE STATE HEALTH OFFICER**
**SUSPENDING CERTAIN PUBLIC GATHERINGS**
**DUE TO RISK OF INFECTION BY COVID-19**

**(APPLICABLE STATEWIDE)**

**AMENDED MAY 8, 2020**

**WHEREAS** Coronavirus Disease 2019 (COVID-19) has been detected in Alabama; and

**WHEREAS** the appearance of COVID-19 in the State poses the potential of widespread exposure to an infectious agent that poses significant risk of substantial harm to a large number of people; and

**WHEREAS** the State Board of Health has designated COVID-19 to be a disease of epidemic potential, a threat to the health and welfare of the public, or otherwise of public health importance; and

**WHEREAS** on March 13, 2020, on recommendation of the State Health Officer, Kay Ivey, Governor of the State of Alabama, declared a state public health emergency exists in the State of Alabama; and

**WHEREAS** on March 16, 2020, the Jefferson County Health Officer, in response to a rapidly growing number of cases of COVID-19 being detected in Jefferson County, issued an order suspending certain public gatherings in that county; and

**WHEREAS** on March 17, 2020, the State Health Officer issued a similar order for counties surrounding Jefferson, including Blount, St. Clair, Shelby, Tuscaloosa, and Walker Counties, and

**WHEREAS** on March 19, 2020, the State Health Officer issued an order, and on March 20, 2020, March 27, 2020, April 3, 2020, and April 28, 2020, amended orders, of statewide application suspending certain public gatherings; and

**WHEREAS** social-distancing and related measures remain necessary on a statewide basis to prevent the spread of COVID-19; and

**WHEREAS** Ala. Code § 22-2-2(4) authorizes the State Health Officer, on behalf of the State Board of Health, to direct that conditions prejudicial to health in public places within the State be abated;

**NOW THEREFORE, THESE PREMISES CONSIDERED**, it is ordered that the following ***Safer at Home*** order be implemented statewide:

1

1. **Recommendations for individuals.** Effective April 30, 2020, at 5:00 P.M., all individuals—and especially vulnerable persons—are encouraged to exercise personal responsibility in slowing the spread of COVID-19 by:

a. Minimizing travel outside the home, especially if sick;

b. Wearing face coverings around people from other households when it is necessary to leave the home;

c. Washing hands frequently with soap and water or hand sanitizer, especially after touching frequently used items or surfaces;

d. Refraining from touching one's face;

e. Sneezing or coughing into a tissue, or the inside of one's elbow; and

f. Disinfecting frequently used items and surfaces as much as possible.

"Vulnerable persons" means individuals 65 years and older or individuals with serious underlying health conditions, including high blood pressure, chronic lung disease, diabetes, obesity, asthma, and those whose immune system is compromised such as by chemotherapy for cancer and other conditions requiring such therapy.

2. **Quarantine for infected persons.** Effective immediately, any person who has tested positive for COVID-19—other than institutionalized persons—shall be quarantined to their place of residence for a period of 14 days, or other period of time as directed by the State Health Officer, or his designee, after receiving positive test results. Any person quarantined pursuant to this provision shall not leave their place of residence for any reason other than to seek necessary medical treatment. Any person requiring assistance while under quarantine may contact Alabama Voluntary Organizations Active in Disaster, http://alvoad.communityos.org/cms. While under quarantine, the person shall take precautions as directed by his or her health care provider or the Alabama Department of Public Health to prevent the spread of the disease to others.

3. **Non-work related gatherings.** Effective May 11, 2020, all non-work related gatherings of any size that cannot maintain a consistent six-foot distance between persons from different households are prohibited.

Organizers of religious gatherings are strongly encouraged to read and implement the Alabama Department of Public Health's "Guidelines for Places of Worship," available at https://alabamapublichealth.gov/covid19/assets/cov-sah-worship.pdf.

4. **Protections for employees.** Effective May 11, 2020, and unless otherwise permitted or required by this order, all employers shall take reasonable steps, where practicable as work duties permit, to protect their employees by:

a. maintaining six feet of separation between employees;

b.  regularly disinfecting frequently used items and surfaces;

c.  encouraging handwashing;

d.  preventing employees who are sick from coming into contact with other persons;

e.  facilitating remote working arrangements; and

f.  minimizing employee travel.

In addition to complying with the requirements of this paragraph, employers are strongly encouraged to read and implement the Alabama Department of Public Health's "Guidelines for Safeguarding All Businesses," available at https://alabamapublichealth.gov/covid19/assets/cov-sah-businesses.pdf.

5. **Protections for customers, etc.** Effective May 11, 2020, and unless otherwise permitted or required by this order, the operator of any business, government office, or other establishment open to the public shall take reasonable steps, where practicable, to protect their customers, constituents, or other guests by:

a.  maintaining six feet of separation between such persons (except for those persons who share the same household); and

b.  regularly disinfecting frequently used items and surfaces.

6. **Retailers.** Effective May 11, 2020, all retail stores shall comply with the following rules:

a.  **Emergency maximum occupancy rate.** Occupancy shall be limited to no more than 50 percent of the normal occupancy load as determined by the fire marshal. This "emergency maximum occupancy rate" shall be posted in a conspicuous place, and enough staff shall be posted at the store entrances and exits to enforce this requirement.

b.  **Social distancing.** An employee of the retail store may not knowingly allow customers or patrons to congregate within six feet of a person from another household.

c.  **Sanitation.** The retail store shall take reasonable steps to comply with guidelines on sanitation from the Centers for Disease Control and Prevention (CDC) and the Alabama Department of Public Health.

7. **Close-contact service providers.** Effective May 11, 2020, close-contact service providers—such as barber shops, hair salons, waxing salons, threading salons, nail salons and spas, body art facilities, tattoo services, and massage therapy establishments and services—shall comply with the following rules:

a.  **Social distancing.** Employees shall not knowingly allow clients or persons accompanying a client to congregate within six feet of a person from another household.

    b. **Facial coverings.** Each employee shall wear a mask, or other facial covering that covers his or her nostrils and mouth, at all times while providing services within 6 feet of a client.

    c. **Hand sanitation.**

        (i) Employees shall wash their hands thoroughly with soap and water immediately before providing services within 6 feet of a client.

        (ii) Employees of all close-contact service providers are encouraged—and employees providing nail services or facial services are required—to wear gloves when providing services within 6 feet of a client. To the extent employees wear gloves when providing services, they should use a new pair of gloves for each client and should put them on immediately after washing their hands.

In addition to complying with the requirements of this paragraph, close-contact service providers are strongly encouraged to read and implement the Alabama Department of Public Health's "Guidelines for Close Contact Personal Service Businesses," available at https://alabamapublichealth.gov/covid19/assets/cov-sah-close-contact.pdf.

8. **Athletic facilities.** Effective May 11, 2020, athletic facilities—such as fitness centers and commercial gyms, spas, and yoga, barre, and spin facilities—shall comply with the following rules:

    a. **Social distancing.**

        (i) Employees shall not knowingly allow patrons or guests to congregate within six feet of a person from another household.

        (ii) Employees shall not knowingly allow patrons or guests to participate in any of the athletic activities prohibited in paragraph 9—including sports that involve interaction with another person of closer than 6 feet and activities that require use of shared sporting apparatus and equipment.

        (iii) Employees must take reasonable steps to prevent people from congregating in lobby areas, break rooms, and other common areas.

    b. **Limits on facility access.** An athletic facility must limit facility occupancy to 50 percent of the normal occupancy load as determined by the fire marshal. Athletic facilities must also prohibit patrons and guests from accessing showers, hot tubs, steam rooms, lockers, saunas and other recreational water or spa facilities. Pools may be open subject to the social-distancing rules of this paragraph.

    c. **Facial coverings.** Each employee shall wear a mask or other facial covering that covers his or her nostrils and mouth at all times while in regular interaction with clients or guests.

4

In addition to complying with the requirements of this paragraph, operators of athletic facilities are strongly encouraged to read and implement the Alabama Department of Public Health's "Guidelines for Athletic Facilities," available at https://alabamapublichealth.gov/covid19/assets/cov-sah-athletic-facilities.pdf.

9. **Higher-risk businesses and activities.** Effective May 11, 2020, and notwithstanding any other provision of this order, the following businesses, venues, and activities shall not take place or be closed to spectators, audience members, or members of the public to which these businesses, venues, and activities are normally open:

a. **Entertainment venues** as follows:

   (i)   Night clubs

   (ii)  Bowling alleys

   (iii) Arcades

   (iv)  Concert venues

   (v)   Theaters, auditoriums, and performing arts centers

   (vi)  Tourist attractions (including museums and planetariums)

   (vii) Racetracks

   (viii) Indoor children's play areas

   (ix)  Adult entertainment venues

   (x)   Casinos

   (xi)  Bingo halls

   (xii) Venues operated by social clubs

b. **Athletic activities** as follows:

   (i)   Sports that involve interaction with another person of closer than 6 feet

   (ii)  Activities that require use of shared sporting apparatus and equipment

   (iii) Activities on commercial or public playground equipment

10. **Beaches.** Effective May 11, 2020, anyone using the beaches must maintain a consistent six-foot distance between himself or herself and all persons from a different household. For purposes of this section, the term "beach" means the sandy shoreline area abutting the Gulf of Mexico, whether privately or publicly owned, including beach access points.

5

11. **Senior Citizen Centers.** Effective March 20, 2020, all regular programs at Senior Citizen Centers shall be ended except that Senior Citizen Centers and their partners are urged to assure that their clients continue to receive needed meals via curbside pick-up or delivery.

12. **Educational institutions and child day care facilities.** Effective March 20, 2020, the following shall be closed:

a.  In-person instruction or classes at all schools, public and private, including but not limited to: elementary, secondary, postsecondary, technical, or specialty schools, and colleges and universities.

   (i)  This order is not intended to prevent any employers from making continued necessary staffing decisions.  Employers are authorized to advise employees to work from home or maintain flexible work schedules.  If working from home is not feasible, the employee should practice social distancing, maintaining consistent six-foot distance between persons, for the duration of this order and follow public health guidelines.

   (ii) This order shall not apply to daytime special activities programs provided by local boards of education for children, ages 6 through 12 as of March 13, 2020, of first responders (including EMS and fire services) and licensed health-care providers and their essential employees; and essential employees of the following categories of employers: state and local governments, law enforcement, hospitals, nursing home/long-term care facilities, (including assisted living and specialty-care assisted living facilities), end-stage renal disease treatment centers, pharmacies, and grocery stores. In these special activities programs, 12 or more children shall not be allowed in any one room at the same time, and operators of these programs are encouraged to use enhanced sanitation practices consistent with guidance from the CDC and the Alabama Department of Public Health.

b.  Facilities providing child day care, including any child day care facility described in Ala. Code § 38-7-2, at which 12 or more children are in a room or other enclosed space at the same time. Center employees are encouraged to use enhanced sanitation and social-distancing practices consistent with guidance from the CDC and the Alabama Department of Public Health. This Order does not change the Minimum Standards for Day Care promulgated by the Alabama Department of Human Resources, except that 12 or more children shall not be allowed in a room or other enclosed space at the same time.

13. **Hospitals and similar institutions.** Effective March 20, 2020, all Hospitals and Nursing Home/Long Term Care Facilities (including Assisted Living and Specialty Care Assisted Living Facilities) shall prohibit visitation of all visitors, as defined by the facility, and non-essential health care personnel, except for certain compassionate care situations such as maternity, end-of-life, and support for persons with disabilities.

14. **Medical procedures.** Effective April 30, 2020, at 5:00 P.M., dental, medical, or surgical procedures may proceed unless the State Health Officer or his designee determines that

performing such procedures, or any category of them (whether statewide or regionally), would unacceptably reduce access to personal protective equipment or other resources necessary to diagnose and treat COVID-19. Providers performing these procedures shall follow all applicable COVID-19-related rules adopted by a state regulatory board or by the Alabama Department of Public Health. In the absence of such rules, providers should take reasonable steps to comply with applicable COVID-19-related guidelines from the Centers for Medicare and Medicaid Services (CMS) and the CDC, including "Re-opening Facilities to Provide Non-emergent Non-COVID-19 Healthcare: Phase I" from CMS, available at https://www.cms.gov/files/document/covid-flexibility-reopen-essential-non-covid-services.pdf, and "Infection Control Guidance for Healthcare Professionals about Coronavirus (COVID-19)" from the CDC, available at https://www.cdc.gov/coronavirus/2019-ncov/hcp/infection-control.html.

15. **Restaurants and similar establishments.** Effective May 11, 2020, all restaurants, bars, breweries, or similar establishments shall operate as follows:

a. Such establishments may continue to offer food for take-out or delivery provided the social distancing protocols, including maintaining a consistent six-foot distance between persons, are followed.

b. Such establishments are strongly encouraged to offer online ordering and curbside pick-up of food.

c. Hospital food service areas are excluded from this order provided they have their own social distancing plan.

d. Insofar as such establishments offer on-premises consumption of food or drink, they must limit the party size at tables to no more than eight persons and maintain at least six feet of separation between people seated at different tables, booths, chairs, or stools.

e. Each employee shall wear a mask or other facial covering that covers his or her nostrils and mouth at all times while in regular interaction with patrons or guests.

f. Such establishments must disallow self-service by guests at drink stations, buffets, or salad bars.

In addition to complying with the requirements of this paragraph, establishments subject to this paragraph are strongly encouraged to read and implement the Alabama Department of Public Health's "Guidelines for Restaurants and Bars," available at https://alabamapublichealth.gov/covid19/assets/cov-sah-restaurants-bars.pdf.

16. **Duration.** This Order shall remain in full force and effect until 5:00 P.M. on May 22, 2020. Prior to 5:00 P.M. on May 22, 2020, a determination shall be made whether to extend this Order—or, if circumstances permit, to relax this Order.

17. **Preemption.** To the extent this Order conflicts with any order previously issued by the State Health Officer concerning COVID-19 mitigation measures, this Order supersedes and preempts the conflicting provisions of the previously issued order effective on the dates specified above. This Order also supersedes and preempts all orders previously issued by the Jefferson and Mobile County Health Officers concerning COVID-19 mitigation measures, and this Order shall remain in full force and effect until rescinded or modified by order of the State Health Officer or its expiration. After the date this order is issued, the Jefferson and Mobile County Health Officers are authorized, after approval by the State Health Officer, to implement more stringent measures as local circumstances require.

This Order also supersedes and preempts any county and municipal orders or ordinances, whenever adopted, that purport to impose less stringent COVID-19-related curfew or quarantine measures.

Done on this 8th day of May, 2020.

_____
Scott Harris, M.D., M.P.H.
State Health Officer

8