IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
YASHICA ROBINSON, M.D.,      )
et al., on behalf of         )
themselves, their            )
patients, physicians,        )
clinic administrators,       )
and staff,                   )
                             )
     Plaintiffs,             )
                             )    CIVIL ACTION NO.
     v.                      )     2:19cv365-MHT
                             )         (WO)
STEVEN MARSHALL, in his      )
official capacity as         )
Alabama Attorney General,    )
et al.,                      )
                             )
     Defendants.             )
```

ORDER

It is ORDERED as follows:

(1)  Plaintiffs' motion for attorneys' fees and costs (doc. no. 177) is set for final submission, without oral argument, on September 22, 2020.

(2)  To the extent plaintiffs' initial submissions do not meet the requirements of this order, plaintiffs are to file a supplemental brief and evidentiary

materials by August 17, 2020.  In the brief, plaintiffs should address the factors articulated in *Dillard v. City of Greensboro*, 213 F.3d 1347 (11th Cir. 2000); *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423 (11th Cir. 1999); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *Hearn v. General Elec. Co.*, 1996 WL 937034 (M.D. Ala. Sept. 12, 1996) (Thompson, J.); *Gay Lesbian Bisexual Alliance v. Sessions*, 930 F. Supp. 1492 (M.D. Ala. 1996) (Thompson, J.).

    (3) Defendants are to file their brief and evidentiary materials by September 8, 2020.  In their brief, defendants should address, among other things, what they believe to be reasonable hourly fees; the particular items or categories of time to which they object and why; the particular items or categories of expenses to which they object and why; and any modification of the total fees and expenses they wish

to raise based on other defenses.

(4) Plaintiffs may file a reply brief by September 22, 2020.

(5) The discussion of the evidence in the briefs must be accompanied by a specific reference, by *page and line*, to where the evidence can be found in the supporting and attached documents, affidavits, depositions, etc.  The parties are reminded of the following cautionary instructions from the Eleventh Circuit:

(A) The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates."  *Norman*, 836 F.2d at 1303.

(B) This burden includes (i) supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate, (ii) maintaining records to show the time spent on the different claims, and (iii) setting out with sufficient

3

particularity the general subject matter of the time expenditures so that the district court can assess the time claimed for each and every activity. *See Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

    (C) "A well-prepared fee petition also would include a *summary*," that is, a "grouping [of] the time entries by the nature of the activity or stage of the case." *Id.* (emphasis added) (quoting *Norman*, 836 F.2d at 1303).

    (D) A fee applicant should also exercise "billing judgment," *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)), that is, the applicant should "exclude from [his] fee applications 'excessive, redundant, or otherwise unnecessary [hours],' *id.*, which are hours 'that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel.'" *Id.* (quoting *Norman*, 836 F.2d at 1301 (emphasis omitted)).

4

(E) "Those opposing fee applications have obligations, too. In order for [this] court [] to carry out [its] duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301).

(F) "It should ... be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299. Or, to put it another way, "Generalized statements that the time spent was reasonable or unreasonable ... are not particularly helpful and not entitled to much weight." *Id*.

DONE, this the 6th day of July, 2020.

                           /s/ Myron H. Thompson
                          **UNITED STATES DISTRICT JUDGE**