IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| YASHICA ROBINSON, M.D., )<br>et al., on behalf of )<br>themselves, their )<br>patients, physicians, )<br>clinic administrators, )<br>and staff, )<br>    )<br>    Plaintiffs, )<br>    )<br>    v. )<br>    )<br>    )<br>STEVEN MARSHALL, in his )<br>official capacity as )<br>Alabama Attorney General, )<br>    )<br>    Defendant. ) | CIVIL ACTION NO.<br>2:19cv365-MHT<br>(WO) |

ORDER

This lawsuit challenges a 2019 Alabama statute, Ala. Act No. 2019-189 ("the Act"), that imposes criminal liability on abortion providers for nearly all abortions, completed or attempted, regardless of fetal viability. This court preliminarily enjoined the law as applied to pre-viability abortion on October 29, 2019, before it went into effect. *See Robinson v. Marshall*, 415 F. Supp. 3d 1053 (M.D. Ala. 2019)

(Thompson, J.).  Since that time, the instant challenge to the Act has sat idle, although related restrictions were challenged in the intervening months.  *See generally Robinson v. Marshall,* 2020 WL 1847128 (M.D. Ala. 2020) (Thompson, J.) (partially enjoining a State Health Order issued in response to COVID-19), *stay pending appeal denied sub nom. Robinson v. Att'y Gen.*, 957 F.3d 1171 (11th Cir. 2020), *appeal dismissed per stipulation* (May 5, 2020) (No. 20-11401).

To clarify remaining issues, and because prior briefing focused primarily on whether the Act should be preliminarily enjoined, the court will order briefing on the following topics:

(a) Whether the court should sever the Act's pre- and post-viability applications, a question that the plaintiffs reserved, *see* Pltf.'s Rep. Mem. (doc. no. 66) at 2-3;

(b) Assuming that the law's pre- and post-viability applications are severable, what other components of

the Act pose constitutional questions, such as the Act's physician-concurrence requirement and mental-health exception, *see, e.g.*, Complaint (doc. no. 1) at 11 (asserting that an exception is "extremely limited and would be difficult, if not impossible, to comply with"); and

(c) The effect, if any, of *June Medical Services L.L.C. v. Russo*, 591 U.S. -- (2020), on the instant case, including, but not limited to, whether it impacts the potential value of the State's proposed discovery, *see* Def.'s Resp. (doc. no. 63), and whether it resolves any question regarding the plaintiffs' standing to bring suit.

Accordingly, it is ORDERED that the plaintiffs are to submit briefing, discussing these three topics, by July 20, 2020, at 5:00 p.m.  The defendants are to file a reply by August 3, 2020, at 5:00 p.m.

DONE, this the 6th day of July, 2020.

                                      /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**