IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YASHICA ROBINSON, M.D., *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | ) CASE NO. 2:19-cv-365-MHT-JTA |
| | ) |
| STEVEN MARSHALL, in his official | ) |
| capacity as Alabama Attorney General, | ) |
| | ) |
| | ) |
|     **Defendant.** | ) |

**EMERGENCY MOTION TO DISSOLVE PRELIMINARY INJUNCTION**

The State of Alabama enacted the Alabama Human Life Protection Act ("the Act") in 2019 to protect unborn children from abortion. Plaintiffs sued Attorney General Steve Marshall, claiming that the Act violates the Due Process Clause of the Fourteenth Amendment. This Court agreed and entered a preliminary injunction against the enforcement of the Act because it "contravenes clear Supreme Court precedent." Doc. 68 at 16.

As of today, that premise no longer holds true. The precedent on which the Court relied—including *Roe v. Wade,* 410 U.S. 113 (1973), and *Planned Parenthood of Southeastern Pennsylvania v. Casey,* 505 U.S. 833 (1992)—has been overruled. *See Dobbs v. Jackson Women's Health Organization*, ___ S.Ct. ___, 2022 WL 2276808 (June 24, 2022). "The Constitution does not prohibit the citizens of each

State from regulating or prohibiting abortion." *Dobbs*, slip op. at 79. Attorney General Steve Marshall thus moves the Court to dissolve the preliminary injunction.

The Act makes it unlawful "for any person to intentionally perform or attempt to perform an abortion" unless "an abortion is necessary in order to prevent a serious health risk to the unborn child's mother." Ala. Code § 26-23H-4. Plaintiffs sought to enjoin the Act's enforcement on the ground that the Act "directly conflicts with *Roe* and more than four decades of Supreme Court precedent affirming its central holding." Doc. 1 ¶4. They raised a single claim: "By prohibiting an individual from making the ultimate decision whether to terminate a pregnancy prior to viability, [the Act] violates the rights to liberty and privacy secured to Plaintiffs' patients by the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Doc. 1 ¶66.

Plaintiffs moved for a preliminary injunction. Docs. 50 & 51. Under *Roe* and *Casey*, Plaintiffs were likely to succeed on the merits of their claim. Attorney General Marshall responded that "until those decisions are overruled, Plaintiffs are likely to prevail on their challenge to the Act as applied to abortions of pre-viability children." Doc. 64 at 5. He asserted that *Roe* and *Casey* were wrongly decided, but that "[f]or now, though, this Court is bound by *Roe* and *Casey*, and these cases require that Plaintiffs' motion for a preliminary injunction be granted with respect to the Act's ban on pre-viability abortions." Doc. 64 at 12.

2

The Court, bound by Supreme Court precedent, found that "plaintiffs have shown a substantial likelihood of success on the merits of their claim." Doc. 68 at 11. The Court therefore enjoined Attorney General Marshall from "enforcing [the Act] as applied to pre-viability abortion." Doc. 69 at 2.

The precedent underpinning Plaintiffs' claims and the preliminary injunction no longer controls, as "*Roe*'s abuse of judicial authority" has come to an end. *Dobbs*, slip op. at 6. The Supreme Court has reversed *Roe* and *Casey* and held that the Constitution does not include a right to an abortion:

> We hold that *Roe* and *Casey* must be overruled. The Constitution makes no reference to abortion, and no such right is implicitly protected by any constitutional provision, including the one on which the defenders of *Roe* and *Casey* now chiefly rely—the Due Process Clause of the Fourteenth Amendment.

*Id.* at 5. That central holding extinguishes Plaintiffs' claims, because their sole challenge to the Act was that it allegedly "violates the rights to liberty and privacy secured to Plaintiffs' patients by the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Doc. 1 ¶66.

This Court has the authority and obligation to dissolve its injunction. A district court has continuing jurisdiction over a preliminary injunction. *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 578 (5th Cir. 1974). "The power to modify or dissolve injunctions springs from the court's authority 'to relieve inequities that arise after the original order.'" *Gooch v. Life Investors Ins. Co. of America*, 672 F.3d 402,

414 (6th Cir.2012) (quoting *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir.2005)). "Because injunctive relief is drafted in light of what the court believes will be the future course of events, a court must never ignore significant changes in the law or circumstances underlying an injunction lest the decree be turned into an instrument of wrong." *Salazar v. Buono,* 559 U.S. 700, 714-15 (2010) (plurality op.) (cleaned up). Courts regularly dissolve preliminary injunctions when changed circumstances undermine the basis for the interlocutory relief. *See, e.g., Ctr. for Individual Freedom, Inc. v. Tennant*, 706 F.3d 270, 276–79 (4th Cir. 2013) (discussing dissolution of injunction in response to amendment of challenged law). On a motion to dissolve a preliminary injunction, the movant must show a change in circumstances that justifies the relief requested. *Hodge v. Dep't of Hous. & Urban Dev., Hous. Div., Dade Cty.*, 862 F.2d 859, 861-62 (11th Cir. 1989).

The change in circumstances that justifies relief is obvious: the foundation of Plaintiffs' claims, and this Court's injunction, no longer exists. The Supreme Court has now ruled that "the Constitutional does not confer a right to abortion. *Roe* and *Casey* must be overruled, and the authority to regulate abortion must be returned to the people and their elected representatives." *Dobbs*, slip op. at 69. Plaintiffs are no longer likely to succeed on the merits of their claim (indeed, their claim is now foreclosed as a matter of law). And because they are no longer likely to succeed on the merits of their claim, they are no longer entitled to preliminary injunctive relief,

and the injunction must be lifted. *See United States v. Jefferson Cty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (holding that where a plaintiff has not carried his burden as to any one of the elements required for a preliminary injunction, it is unnecessary to address the remaining elements).

When the Court entered the preliminary injunction, precedent dictated that result. It now dictates the opposite. As the Supreme Court now recognizes—and as Attorney General Marshall has argued all along—the Constitution contains no right to an abortion. Plaintiffs' claims therefore fail on the merits. Attorney General Marshall will soon file a dispositive motion seeking a judgment in his favor. For now, the Court should immediately dissolve the injunction so that Alabama can enforce the law its legislature passed more than three years ago.

This is an emergency motion. As the Supreme Court acknowledged, "[i]t is time to heed the Constitutional and return the issue of abortion to the people's elected representatives." *Dobbs*, slip op. at 6. For years the State of Alabama has been prevented from exercising its sovereign authority to protect human life based on a mistaken understanding of the Constitution. Each day that passes with the injunction in effect is a profound injury to the State and its people—and may literally mean life or death for those children the Act was enacted to protect. Attorney General Marshall thus requests the Court rule on this Motion by Wednesday, June 29, 2022, and will assume that if the injunction is not lifted by such time that this motion is denied.

Respectfully submitted,

Steve Marshall,
  *Attorney General*

/s Edmund G. LaCour Jr.
Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*
James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*
A. Reid Harris (ASB-1624-D29X)
  *Assistant Attorney General*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Reid.Harris@AlabamaAG.gov

**Counsel for Defendant Attorney General Steve Marshall**

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/* Edmund G. LaCour Jr.
Counsel for Defendant
